May Term, 1846.

GRAY
v.
BALDWIN.

GRAY *v.* BALDWIN and Another.

An injunction may be obtained by a mortgagee to restrain a mortgagor from committing such waste as may render unsafe the mortgage-debt.

If an injunction in such case be granted in vacation on a valid bill, and it be shown to the Court at the next term that the injunction had been irregularly granted, the injunction may be dissolved, but the bill should not be dismissed.

*Saturday, July* 18.

ERROR to the *Steuben* Circuit Court.

PERKINS, J.—Bill in chancery. The bill states that on the 19th of *January*, 1841, the complainant sold and conveyed to *Baldwin*, one of the defendants, eighty acres of land (describing it); that *Baldwin* paid thirty-four dollars of the purchase-money in hand, and gave a mortgage on the land to secure the remainder, being two hundred and sixty-six dollars, payable in instalments, the last of which did not become due till five years from the purchase by *Baldwin*. The bill further states, that the complainant took no security for said unpaid purchase-money but the mortgage on the land, and that *Baldwin* has no other property. It states that the purchase-money so secured is unpaid, and that the land is an insufficient security for the same and the accumulating interest. The bill charges that *Baldwin*, confederating with *Barnard*, the other defendant, threatens that he will cut and take from said land all the valuable timber, and apply the proceeds to his own use, and then abandon the premises to the complainant for his purchase-money and interest; that he, with said *Barnard*, is now engaged in carrying his threats into execution, and has a large quantity of the valuable timber on said land now cut down and in readiness to be removed. And the bill avers that the security for complainant's purchase-money will be greatly impaired, if these acts are not restrained and prevented. An injunction is prayed. The associate judges granted the injunction in vacation. At the succeeding term of the Circuit Court, the defendants appeared and moved to dissolve the injunction, on account of the same having been granted without notice first having been given to them of the application therefor; there being no allegation in the bill of a case of emergency. The Court sustained the motion, dissolved the injunction, and dismissed the bill.

The Court erred in dismissing the bill. It contains a clear case for equitable relief. No point of law is better settled, than that a Court of equity will grant an injunction to restrain waste by the mortgagor, where it is such as may render unsafe the debt secured by the mortgage. *Brady* v. *Waldron,* 2 Johns. Ch. R. 148. Eden on Injunctions, 205. That being the case, the bill should not have been dismissed. If the injunction was irregularly granted, that may have justified its dissolution; but the complainant should have been left to his motion to renew it, if he deemed it necessary, or to obtain it, if right, on the final hearing.

*Per Curiam.*—The decree dismissing the bill is reversed with costs. Cause remanded, &c.

*J. B. Howe,* for the plaintiff.

*W. H. Coombs* and *I. H. Kiersted,* for the defendants.