W. P. Bryant and J. A. Wright, for the defendant.

---

CAIN v. FOOTE.

A writ of error will not lie to a decree of the Circuit Court dissolving an injunction of a judgment at law.
But an appeal, under the act of 1843, may be taken in such case.

Thursday,     ERROR to the Marion Circuit Court.
July 15.      BLACKFORD, J.—The plaintiff in error filed a bill in chancery for an injunction of a judgment at law against him; and the injunction was granted in vacation by the Circuit Judge. At the next term, on the coming in of the answer, the injunction was dissolved. An appeal from the dissolution was taken to this Court; but the law on the subject not having been complied with, the cause was docketed as a case in error.

The defendant now moves the Court to dismiss the writ of error for the want of jurisdiction.

The dissolving of the injunction was merely an interlocutory order. The complainant had still a right to proceed in the cause by taking depositions. To such an interlocutory order a writ of error does not lie. Young v. Grundy, 6 Cranch, 51.

By statute, an appeal lies from such a decree as that before us, but the appeal must be taken at the time when the decree is made. R. S. 1843, p. 637. In this case, the appeal which had been taken not having been perfected in the manner prescribed by law, the case stands as if no appeal had been taken. And a writ of error will not lie, the decree not being final.

*Per Curiam.*—The writ of error is dismissed with costs.

*W. Quarles* and *J. H. Bradley*, for the plaintiff.

*O. H. Smith*, for the defendant.