THOMPSON *v.* ADAMS, Administrator of the estate of Mc-BRIDE, deceased.

Bill in chancery to enjoin a judgment at law, on the ground of newly discovered evidence. The bill stated that the complainant could, by several witnesses, (naming them,) fully prove payment, &c. The bill was verified by positive affidavit. An injunction was granted. The defendant answered and, relative to the complainant's diligence, stated that the latter filed an affidavit for a continuance of the suit at law on account of the absence of two witnesses, (other than those mentioned in the bill,) and denies the diligence set forth, as the evidence of said two witnesses was not brought before the Court, although the defendant offered to take their depositions without notice. The defendant, on bill and answer, moved the Court to dissolve the injunction and dismiss the bill. Motion sustained. *Held,* that the word " *as* " in the denial meant " *because ;*" that the denial was a qualified one, and did not authorize the motion to dissolve. *Held,* also, that if the answer had contained an unqualified denial of the equity of the bill, still the decree dismissing the bill would have been erroneous, for, in the case of such an answer, the complainant, though his injunction might be dissolved, would have a right to prove his bill.

A motion to dissolve an injunction upon bill and answer cannot be sustained unless the answer positively denies the equity of the bill.

APPEAL from the *Posey* Circuit Court.

BLACKFORD, J.—This was a bill in chancery, filed by *Thompson,* to enjoin a judgment at law rendered in favor of *Adams,* and for a new trial.

The bill is founded on newly discovered evidence. It alleges, *inter alia,* that the complainant had paid the debt for which the suit at law was brought, and had pleaded payment to the suit; that, at the time of the judgment, he had no knowledge of the evidence, since discovered, of such payment, although he had used all the diligence in his power, by diligent, careful, and anxious inquiry, to discover the evidence. The bill further states that, since said judgment, the complainant has discovered that, by the evidence of *David Moore, Alfred Harris,* and *Joseph.* and *Jane Stevens,* he can fully prove said payment.

The bill is verified by the positive affidavit of the complainant.

May Term,
1850.

THOMPSON
v.
ADAMS.

On the filing of the bill, an injunction was granted.

The defendant afterwards answered. The answer, relative to the complainant's diligence, states that the complainant filed an affidavit for a continuance of the suit at law, on account of the absence of two of his witnesses— *L. Whipple* and *W. Morgan.* The answer then denies the diligence set forth in the bill, *as* the evidence of *L. Whipple* and *W. Morgan* was not brought before the Court, although the defendant, after said affidavit, offered to take their depositions without notice.

Upon the filing of the answer, the defendant moved the Court, upon bill and answer, to dissolve the injunction and dismiss the bill; and the motion was sustained.

The defendant objects to the bill because the facts of diligence to discover the testimony are not more particularly set out, and because the affidavits of the witnesses discovered, as to what they know, were not produced. These objections, had they been made on demurrer, would have required consideration, but they came too late after answer.

The denial, in the answer, of the complainant's allegation of diligence is insufficient. The word *as,* used in the denial, there means *because.* The defendant denies the diligence, because other witnesses than those since discovered were not brought into Court. That was not an absolute, but a qualified denial, and did not authorize the motion to dissolve the injunction. A motion to dissolve an injunction upon bill and answer cannot be sustained, unless the answer positively denies the equity of the bill. *Poor* v. *Carleton et al.,* 3 Sumner, 70.

But if the answer had contained an unqualified denial of the equity of the bill, still the decree dismissing the bill would have been erroneous. In the case of such an answer, the complainant, though his injunction might be dissolved, would have the right to prove his bill. *Cain* v. *Foote,* 8 Blackf. 454.

*Per Curiam.*—The decree is reversed with costs. Cause remanded for further proceedings, with instructions to the

Circuit Court to overrule the motion to dissolve the injunction and dismiss the bill, with leave to the defendant to amend his answer.

*J. Pitcher*, for the appellant.

*J. G. Jones*, for the appellee.