Rayle and Another *v.* The Indianapolis, Peru, and Chicago Railway Co.

FRAZER, C. J., dissented.

*T. L. Smith, M. C. Kerr, J. A. Ghormley,* and *A. Seidensticker,* for appellant.

*G. V. Howk* and *R. M. Weir,* for appellees.

———o———

RAYLE and Another *v.* THE INDIANAPOLIS, PERU, AND CHICAGO RAILWAY COMPANY.

INJUNCTION.—*Dissolution of.*—An injunction having been granted till the further order of the court, upon a complaint, supported by affidavits, to perpetually enjoin the defendant, a railroad company, from constructing a switch, or side-track, in an alleged street in front of certain town lots belonging to the plaintiff, a motion to dissolve, upon answer setting forth facts denying every material averment of the complaint and supported by affidavits, was properly sustained.

SAME.—*Supreme Court.*—On appeal, in such a case, the Supreme Court will look through the proof, considering only the proper evidence; and if it thus finds the judgment of the court below sustained, it will not reverse the same because of the admission of improper evidence.

APPEAL from the Howard Circuit Court.

This was a suit to enjoin the appellee from constructing a railroad switch, or side-track, upon and along Buckeye street, in the city of Kokomo, in front of certain lots belonging to the appellants.

At the commencement of the action, the complaint consisted of a single paragraph, in which the plaintiffs allege, that they are the owners in fee simple, as tenants in common, of a block of lots, numbered 64, 65, 66, 67, 68, 69, 70, and 71, in Mills & Richmond's Addition to the town, now city, of Kokomo; that said lots are of the aggregate value of three thousand dollars; that the lots numbered 64, 65, 66, and 67, front west upon Buckeye street, a public street and highway of said city, ranging from sixty to forty feet in width; that said last described lots are greatly enhanced in value by said street, and without the same would be of little or no value; that the defendant is engaged in building a railway switch along the entire front of the last described lots and within said Buckeye street, occupying about thirty feet of the width of the same, and rendering it almost useless as a street, to the injury and damage of the plaintiffs in the sum of two thousand dollars; that defendant has not paid or offered to pay the plaintiffs for any damage caused by the building of said switch, or that will be caused thereby, or taken any legal steps to obtain the right of way for the building of said switch, or obtained the consent of the plaintiffs thereto, or the consent of the legal authorities of said city; that unless the defendant be immediately enjoined from proceeding with said work, great and lasting injury will be done to the plaintiffs; that therefore an emergency exists for the issuing of an injunction immediately, &c., &c. The paragraph concludes with a prayer for an injunction until the further order of the court, and for a perpetual injunction, and all proper relief.

Upon this complaint, the defendant was enjoined until the further order of the court.

At the ensuing term, the plaintiffs filed an additional paragraph, containing the material averments of the first, and alleging further, that said lots are especially valuable for residences, being elevated and dry and situated in a portion of the city occupied almost exclusively by dwellings; that the plaintiffs have made lasting and valuable

improvements on a portion of said lots, by erecting thereon a dwelling-house of the value of two thousand dollars and out buildings of the value of five hundred dollars, planting fruit and ornamental trees, and enclosing the same with a good fence; that said railway company located its road in said addition to the town of Kokomo about the year 1852; that at or before the time of said location the defendant, by donation from Mills and Richmond, then the owners of the land out of which such addition was made, became a joint owner with said Mills and Richmond of the one-half of the lots laid off in said addition, and caused a plat to be made of said addition, leaving all the streets and alleys, of which there were many, in said addition as unoccupied spaces of ground, without designating them as streets by name, Buckeye, or Railroad, street with the rest, and caused said plat to be placed upon the records of Howard county; that defendant afterwards, by her agents, sold lots in said addition fronting upon said Buckeye street, representing that the same was a street within and of said addition; that Mills and Richmond, the joint owners and proprietors with the defendant in said addition, also sold lots adjoining said Buckeye street, representing it to be a public street in said addition; that the plaintiffs, by reason of the acts and declarations of defendant and the joint owners and proprietors with defendant in making said addition, as herein set forth, to the plaintiffs and others, bought said lots in the full belief that said Buckeye street, known and designated sometimes as Railroad street, was a public street and highway of the city of Kokomo; and that irreparable damage will be done the plaintiffs by the construction of said switch, or side-track. This paragraph concludes with a prayer for the continuation of the injunction, and that on final hearing it be made perpetual.

The plaintiffs, at the same time, filed affidavits in support of their complaint, in substance as follows:

Elijah Rayle swears, that about the year 1856, he purchased from Corydon Richmond lot numbered forty-five in

said addition; that at and before said purchase, said Richmond represented to affiant that the space of ground in front (on the west side) of said lot (being the continuation southward of the space in front of the west side of the said lots of the plaintiffs) was a street in and of said addition, said Richmond being at that time and before a joint proprietor with Mills and defendant in laying out said addition.

Samuel T. Mills swears, that he was one of the proprietors in laying out said addition; that the space of ground upon the west end and in front of lots numbered 64, 65, 66, and 67, of said addition is a public street of said addition, and was so made and intended at the time of laying out said addition; that the defendant has no reserved rights in the same whatever by reason of having heretofore located her road through said addition; that affiant is well acquainted with the value of the property belonging to the plaintiffs, to wit, lots numbered 64 to 71, inclusive, in said addition, in its present condition; that it is a favorable location for residences and comparatively of no value for any other purpose; that in its present condition it is fairly worth four thousand dollars; that if defendant be allowed to construct a side-track in front of said lots, as she proposes to do, the value of said lots will be injured, and they will be rendered entirely unfit for residences; that said side-track would so obstruct said street that it would be of no value as a highway; that the injury to the plaintiffs in such case would be equal to the sum of fifteen hundred dollars or more.

Henry B. Havens swears, that on the 26th of April, 1867, there was a petition presented to the common council of said city, to vacate three hundred feet in length and forty feet in width off of the east side of Railroad, or Buckeye, street, extending from Jackson to Jefferson streets, and bounded on the west by said railroad, and on the east by lots numbered from 20 to 31 inclusive; that said petition was signed by David Macy, as president of said railroad company,

thereby acknowledging said portion of ground to be a street, and consenting that it be vacated; that thereupon said council vacated said portion of said street as prayed for; that the portion so vacated is in said addition, as well as said lots on the east thereof; that if this ground was a public street before such vacation, the ground in front of lots 64, 65, 66, and 67, is now a public street; that what was true of the one before said vacation was also true of the other, being within the same addition, platted at the same time by the same parties, without any marks or distinction whatever to make the part so vacated a street more than was done to make the ground in front of said last described lots a street; that the same acts were done and designations and declarations made that would establish a street in regard to the ground in front of the last described lots as were done, made, or said, in regard to the ground so vacated, or more, by the proprietors of said addition.

John Devany swears, that about 1857, he purchased from Corydon Richmond lot numbered forty-three in said addition (lying south of plaintiffs' lots); that at and before the time of said purchase said Richmond represented to affiant that the space of ground in front of said lot was a street extending north as far as said addition, and that said street was forty feet in width on the east side of the railroad and thirty feet in width on the west side of the railroad; said Richmond at that time being a joint proprietor with Mills and defendant in making said addition.

A demurrer to both paragraphs of the complaint was overruled.

The appellee filed notice and moved the court, on answer and affidavits, to dissolve the injunction.

The answer alleged, in substance, that long before the plaintiffs became the owners of the lots described in the complaint, one Corydon Richmond, to induce the defendant, then doing business under the name and style of the Peru and Indianapolis Railroad Company, to locate said railway where it now is in said city, donated to the defend-

ant, among other things, that portion of said Buckeye street, or Railroad street, in said Mills and Richmond's addition to said city immediately west of, and adjoining to, said lots numbered 64, 65, 66, and 67, as well other parts of said supposed street, as a right of way for said road; and the defendant is informed and believes that said Richmond released said right of way in due form of law to the defendant through that part of said addition of which he was sole proprietor, by means whereof defendant became seized of the same in fee simple, a copy of which release cannot be filed with this answer, the original being lost; that said Mills, at the same time, united with said Richmond in making large donations to the defendant, consisting of lots and of ground for a depot in said city, for the purpose of securing said location of said railway; that defendant immediately took possession of the property so donated, erected a depot thereon, and constructed the railway and side-tracks, at an expense of many thousands of dollars; that the tracks of said railway, said depot, the side-tracks constructed, and the one proposed to be constructed, more fully appear by reference to a plat of said addition filed as a part of the answer; that the defendant also filed as a part of said answer certain exhibits, marked "A" and "B;" that at the time of said donation it was expressly understood and agreed by and between the defendant and said Richmond that the said space of forty feet on the east side of the railway track was left of that width for a side-track of said road; that immediately after said donations were made, defendant took possession of said depot-ground and said right of way, including the space on which said side-track, or switch, is proposed to be constructed, and has ever since had the exclusive possession, control, and use thereof, of all which the plaintiffs had full knowledge at the time they became the owners of said lots; that the proposed side-track is near to said depot, and is absolutely necessary for the accommodation of the defendant and the public in the transaction of the business done on said railway; that if the agents of the

Rayle and Another *v.* The Indianapolis, Peru, and Chicago Railway. Co.

defendant, or any of them, made the representations as to said right of way being a public highway or street of said city, as alleged in the second paragraph of the complaint, they were made without the knowledge or authority of the defendant. Prayer, that the injunction be dissolved.

In support of the answer, the defendant filed affidavits, in substance as follows:

Corydon Richmond swears, that previous to the location of the defendant's railway through said city, and before the making of what is now known as Mills and Richmond's addition to said city, he was the owner and proprietor of that portion of said addition immediately adjoining the track of said railway, between what is now known as Monroe and Madison streets; that on or about the —— day of —— 1850, he donated the right of way in and to that portion of what is now known as Buckeye, or Railroad, street, immediately west of and adjoining lots numbered 64, 65, 66, and 67, in said addition, as well as a number of lots in said addition, in part to induce the defendant to locate said railway on its present site; that affiant, by a proper release, conveyed to defendant the right of way in and to said portion of said street and other parts of it, as shown on the recorded plat of said addition in the recorder's office of said county; and that the distance of forty feet on the east side of said railway track, as shown by said plat, was so left for the express purpose of enabling the defendant to put in a side-track, or switch, for the convenience of the defendant in the despatch of business.

James C. Thompson swears, that he is, and for many months has been, assistant superintendent of the defendant's railway, and as such is well acquainted with the business being done thereon; that the proposed side-track, or switch, is near the depot in said city, and is reasonable and absolutely necessary for the transaction of the business of the defendant being done in said city and for the accommodation of the public.

John Bohan swears, that previous to the laying out of

said addition he was a director and agent of the defendant; that as such agent, as he now recollects, he procured, in due form of law, a release of the right of way, on a printed form, for the defendant, through that portion of said addition made by Corydon Richmond, as shown by the plat of said addition on record in the recorder's office; that said right of way embraced that portion of what is now known as Buckeye, or Railroad, street, lying immediately west of and adjoining said lots numbered 64, 65, 66, and 67, in said addition; that said release, with others procured by him in said county, was filed by him with the secretary of defendant; and that said release was a part of the inducement for the location by the defendant of said railway on said street and through said addition.

The exhibits marked "A" and "B," filed with the answer, were extracts copied from the records of the defendant, certified by her secretary, bearing date December 27*th*, 1849, and September 11th, 1850, and showing a committee's report of the donation by Mills and Richmond of certain ground adjoining said city, and of the location of the depot thereon; an order of defendant to her engineer to make a plat of said ground, dividing it into lots preparatory to a survey of said lots and a division thereof between the donors and the defendant; the appointment of a committee on behalf of the defendant to divide said lots with the donors and procure deeds thereof; and the committee's report that deeds for forty-two lots were so procured of said donors, including said lots 64 and 67 from said Richmond.

The plaintiffs moved the court to strike said exhibits from the files. The court overruled the motion, and the plaintiffs excepted.

And the court sustained the defendant's motion to dissolve the injunction, to which ruling the plaintiffs excepted.

The plaintiffs thereupon moved the court to reinstate said injunction, and to fix a time for the hearing of said motion, which was overruled, and the plaintiffs excepted.

Rayle and Another *v.* The Indianapolis, Peru, and Chicago Railway Co.

Whereupon, judgment was entered against the plaintiffs for costs.

RAY, J.—It will be observed that every material averment of the complaint is denied by the answer. Affidavits are also filed by which it appears that long before the purchase by the appellants, the owner of the property, not yet subdivided into lots, donated to the appellee the right of way immediately in front of and along the line of what are now numbered lots sixty-four, sixty-five, sixty-six, and sixty-seven, and conveyed the same by a proper release, and for a valuable consideration; and that forty feet in width was added on the east side of the railway track for such right of way, the space now claimed as a street. It is also denied in the answer, under oath, that any agent of the company was ever authorized to make any representations, that the railroad would not occupy said forty feet for the purpose contemplated. It also appears that such extension of the railway track along the forty feet so released to the appellee is necessary for the purposes of the company and the enjoyment of its property.

Under such a state of pleadings and proof, we do not see how the court could have granted a continuance of the restraining order.

The right to extend the railway track was acquired for a valuable consideration from Richmond, in the year 1850, who was then the owner of the property purchased in the year 1856 by the appellants. If Richmond had retained the property, the facts that it became of special value for residences and that the extension of the railway would impair such value, would have furnished no sufficient ground to restrain the company from the exercise of a right granted by him and necessary to the enjoyment of its own property. The subsequent purchase by the appellants, without proof of fraud on the part of the appellee, could give them no higher equity than existed in their grantor.

There was a motion to reject the certified copies of entries from the records of the corporation, by which it was

attempted to support the averment that a release of the right of way had actually been executed to the appellee.

If the overruling of this motion was error, still it could not reverse the case. It involved but a question of costs. If not proper evidence, it will be disregarded here, and as the motion to dissolve was determined upon affidavits, we look: through the proof, considering only proper evidence, and finding the judgment of the court below sustained, we must affirm the same.

Judgment affirmed, with costs.

*C. N. Pollard, N. R. Linsday, J. A. Lewis,* and *M. Bell,* for appellants.

*D. Moss,* for appellee.