Rayle *et al. v.* The Indianapolis, Peru, and Chicago Railroad Company.

———————◆———————

RAYLE ET AL. *v.* THE INDIANAPOLIS, PERU, AND CHICAGO RAILROAD COMPANY.

INJUNCTION.—*Dissolution of Temporary Order.—Appeal.*—Where an appeal has been taken to the Supreme Court from an order dissolving a temporary injunction, and the judgment below has been affirmed, such affirmation does not disposed of the action below for a perpetual injunction, and it is error to sustain a motion by the defendant to dismiss the action for that cause.

APPEAL from the Howard Circuit Court.

DOWNEY, J.—This was a complaint by the appellants against the appellee, the object of which was to enjoin the defendant therein from constructing a railroad switch or side track on or along a street in the city of Kokomo, in front of certain real estate of the appellants. A temporary injunction was granted by the judge of the court, which was afterward in term dissolved, and from the judgment dissolving the injunction there was an appeal to this court, and the judgment was here affirmed. 32 Ind. 259.

After the decision of the case in this court, a supplemental complaint was filed by the plaintiffs in the court below, in which they allege, among other things, that after the

dissolution of the injunction, and before the plaintiffs could perfect an appeal or get the injunction reinstated, the defendant unlawfully constructed and laid down the said side track mentioned in the original complaint; and that it was done on Sunday, when the plaintiffs could not invoke the aid of the courts in protection of their rights against the encroachments of the defendant; all of which was done without the consent of the plaintiffs; and that the defendants have continuously used said side track ever since the construction thereof as herein set forth, to the great injury of the plaintiffs. Wherefore they ask judgment that the defendant be perpetually enjoined from using said side track, and that the same be abated by the judgment of the court, etc.

Thereupon the defendant moved the court, the motion being in writing, to strike the cause from the records of the court, for the reason that the same had been theretofore finally disposed of in that court, and upon appeal to this court.

The court sustained this motion, dismissed the action, and rendered judgment against the plaintiffs for costs, to which the plaintiffs excepted by bill of exceptions.

This action of the court is assigned for error. We think it was erroneous. The order of the court from which the former appeal was taken, dissolving the temporary injunction which had been granted, did not terminate the action. On the final hearing, the plaintiffs might, for aught that we know, have been able to show themselves entitled to a perpetual injunction. A demurrer to their complaint had been overruled by the court, showing that if it was true in fact, the court thought that they were entitled to an injunction. They should have had an opportunity to have shown it to be true on a final trial or hearing of the cause. Their action could not rightfully be dismissed on motion for the reason stated. An appeal may be taken to this court from an order dissolving an injunction, but whatever may be the judgment of this court on such appeal, the action itself is

not thereby terminated.    2 G. & H. 277, sec. 576; *Gray* v. *Baldwin*, 8 Blackf. 164; *Thompson* v. *Adams*, 2 Ind. 151.

No brief for appellee.

The judgment is reversed, with costs, and the cause remanded, with instructions to overrule the motion to dismiss the action, and for further proceedings.

*C. N. Pollard* and *C. D. Murray*, for appellants.