C. D. COOK ET AL.

v.

ADOLPHUS MILLER.

*Injunctions—Irreparable Injury—Tax ·Deed—Rights of Mortgagee—*
*Former Adjudication as to Mortgagor—Evidence.*

1. To justify an injunction as a preventive remedy the injury in question must be real and likely to occur. The relief should not be extended beyond what is necessary for the protection of the complainant's rights.

2. Upon a bill filed by the mortgagee of certain premises to enjoin the issue of a tax deed, it is *held:* That the issue of such deed would not "take away and destroy" the security of the complainant as alleged; that the court improperly excluded evidence touching other security; and that the decree for the complainant works injustice, the holder of the certificate of sale being entitled to a deed, at least as against the mortgagor who is con° cluded by a former adjudication.

[Opinion filed April 20, 1888.]

APPEAL from the Circuit Court of Jefferson County; the Hon. C. C. BOGGS, Judge, presiding.

On July 15, 1885, Miller filed his bill against Cook and Tanner, alleging complainant had an interest in 160¾ feet off of the west end of lot 48, block 7, in Mt. Vernon, Illinois, as mortgagee of D. C. Warren, by mortgage dated May 4, 1881, recorded May 6, 1881, given to secure $3,000 loaned to Warren, still due and owing to complainant; that he relies upon said real estate for security for the payment thereof, the value of said real estate being about $3,000; that at the date of the mortgage, taxes were due and liens upon said premises for the years 1875 to 1880, both inclusive, to the amount of $145.97, which were fully paid by Warren in 1881, and that Warren has paid the taxes for the years subsequent thereto, yet the collector failed to discharge the same of record, but allowed the same to remain an apparent charge upon said premises, and the same were carried forward from year to year against said premises, for the amount paid by Warren, and for the amount also of an illegal and unconstitutional tax

assessed for county purposes, until the May term, 1883, of the
Jefferson County Court, when the collector obtained judg-
ment against said premises for $228.56, which sum included
the amount of taxes so paid by Warren, the said illegal and
unconstitutional tax amounting to one dollar, and legal taxes
for 1881 and 1882, amounting, with legal penalties, interest
and costs, to $41.51, which latter sum was tendered to the col-
lector before tax sale. That thereafter, at the time appointed
by law to sell lands for taxes, the collector sold said premises
to said Cook for said sum of $228.56 on June 8, 1883; all of
which proceedings to obtain said judgment and make such sale
were unknown to complainant, who made no appearance in
said County Court. That Cook was fully notified by Warren,
before the sale to him, of the payment of taxes by Warren
and of the illegal character of the judgment, and that the same
would be contested; that notice is served on complainant by
Cook that he will take out a tax deed for said premises under
said sale and is about to apply for, and his co-defendant Tan-
ner, County Clerk of said county is about to issue and deliver
to Cook a tax deed therefor, and thus to take away and
destroy the interest complainant has in said premises, amount-
ing to $3,000, and destroy the security complainant has for
the payment of his said note. Offers to pay Cook or collector,
as the court shall direct, all lawful taxes, penalties, interest
and costs now unpaid upon said premises as well as all taxes
thereon paid by Cook since his purchase; prays that an account
be taken of the amount to be so paid, and for a perpetual
injunction restraining Cook, his agents or assigns, from taking
out a tax deed for said premises, and restraining Tanner or his
deputy from issuing any tax deed for said premises to any
person, and that said sale be declared void. There was a
prayer for general relief, but it is not claimed on behalf of
appellee that the scope and purpose of the •bill was to obtain
other relief than the perpetual injunction prayed for. The
answer of defendants admits the purchase of premises by Cook;
denies taxes had been paid at date of purchase as alleged, or
that any unconstitutional tax was levied or that Warren noti-
fied Cook as alleged; avers said mortgage to Miller included

other valuable improved real estate in Mt. Vernon worth $5,000, and ample security for Miller's debt; that the lot sold Cook is occupied and Miller not in possession; that Miller is estopped from bringing said bill by a former adjudication of this case in the suit brought by D. C Warren against Cook decided at the May term, 1885, of said Circuit Court and affirmed at the November term, 1885, of the Supreme Court; that this bill is, in fact, a second bill by Warren in the name of Miller, and Miller is in no way interested in the present litigation, which is the same, in interest, with the former litigation between Warren and Cook et al. in his said bill brought at said May term, 1885, of this court, which was there dismissed by this court, and that decision affirmed by the Supreme Court. That on April 28, 1886, Warren gave a mortgage for $3,000 on valuable farming land in said county to Miller to secure him against loss of security arising out of this litigation; that Miller was notified by Cook at the time and in the manner required by law of his intention to apply for a tax deed, and when the time for redemption would expire, and Miller having failed to redeem from said tax sale is estopped from so doing; that the bill is without equity; and concludes with the usual general denial of allegations in the bill, not admitted or specifically denied; to this answer a general replication was filed and the cause was heard upon bill, answer, replication and evidence in open court. The court, in its decree, finds the law and equity to be with the complainant, finds the lot in controversy was sold to Cook by the County Collector June 8, 1883, for taxes, penalties, interest and costs assessed, and extended for the years 1875 to 1882, both inclusive, against said lot, amounting to $228.56; that the sale was made by virtue of a judgment in the County Court, rendered May 29, 1883, and the clerk of said court at the time of said sale issued his certificate to Cook, who was about to apply to defendant Tanner as County Clerk for tax deed at the time injunction was issued; that on May 2, 1881, the taxes for 1875 to 1880, both inclusive, amounting to $145.97, were paid to the County Clerk and his tax receipt given therefor, and he had failed to mark said taxes paid, and the same remained

charged against said lot, and said sum of $145.97, so remaining charged, entered into and formed part of said judgment; that an unconstitutional tax amounting to $1.07 for 1882 was levied upon said ot and formed part of said judgment; that $100.25 is equitably due Cook on account of his said purchase; that Miller has an interest in said property as mortgagee of Warren; that said mortgage is for more than $3,000 and unpaid; that complainant relies upon the premises in question for his security for payment of said mortgage and has the right to question the legality of said tax proceedings; that said judgment, the sale thereunder to Cook, and the certificate of purchase issued to him, are legal and void as against Miller; decrees if complainant first pay to Cook, or tender him, or his attorney for him, on or before January 10, 1887, said sum of $100.25 so found due him, thereupon said judgment for taxes and sale to defendan thereunder and said certificate of purchase to Cook are declared null and void; that the injunction issued be made perpetual against defendants, restraining Cook or his agents from applying for or receiving and restraining Tanner, as County Clerk, and his successors and the agents or representatives of both defendants, from taking any tax deed under said judgment and sale, and that Cook pay the costs. From this decree defendants appeal and bring the record here. It appears also by evidence in the record and is not denied, that in the mortgage dated May 2, 1881, the property in question and four other lots in Mt. Vernon were mortgaged by Warren, the owner in fee. The value of these four lots was not attempted to be shown by complainant but on behalf of defendants there was evidence showing their reasonable cash value to be $3,000. Some witnesses declined to fix a price they would bring at forced sale for cash and one witness testified he thought at such sale they might not bring half their value. It is not alleged or claimed by Miller that Warren is insolvent, or unwilling or unable to pay the debt secured by said mortgage. It was also admitted on behalf of Miller, at the hearing, that before the filing of his bill, Warren had filed a bill in said court against Cook and Tanner to enjoin Cook from taking out a tax deed for the property in controversy

here and the same tax deed Miller prayed to have enjoined in this case; that the same allegations of payment of taxes by Warren in 1881 and unconstitutionality of the pauper tax for 1882 appeared in both bills; that said cause of Warren v. Cook et al. was determined against Warren in said court on the ground he had appeared at the May term, 1883, of the County Court, and was bound by the judgment there, and that such decision of the Circuit Court was, on appeal to the Supreme Court, affirmed. Also, it is shown by the record of the proceedings of the County Court at said May term, 1883, Warren appeared and filed exceptions to the entry of any judgment against the said premises, and afterward, and on the same day, again appeared, withdrew said exceptions and consented to the rendition of the judgment, under and by virtue of which said tax sale was ordered and made. It is also admitted Miller tendered Cook $100.25 before January 10, 1887, and the tender was refused.

Mr. C. H. BURTON, for appellants.

This case has been decided by the Supreme Court, under the style of Warren v. Cook, 116 Ill. 199. Miller, the appellee in this cause, is estopped by that decision. Cooper v. Corbin, 105 Ill. 224; Biggin v. The People, 106 Ill. 270; Newberry v. Blatchford, 106 Ill. 584; Jenkins v. International Bank, 111 Ill. 462.

The prayer of the bill is to remove a cloud upon the title. Such a bill lies in only two cases in this State: 1st. Where the complainant is in possession; 2d. When he claims to be the owner and the lands are unimproved and vacant. Gage v. Abbott, 99 Ill. 366; Gage v. Griffin, 103 Ill. 41; Gould et al. v. Sternberg, 105 Ill. 488.

It is claimed that there is a small unconstitutional tax involved in the tax of the year 1882, and for that reason this court will take jurisdiction. An injunction will not be granted to enjoin the collection of a void tax except in rare cases where an irreparable injury will be done. Cook County v. C., B. & Q. R. R. Co., 35 Ill. 460; Munson v. Miller, 66 Ill. 380; Porter et al. v. R. R. I. & St. L. R. R. Co., 76 Ill. 596.

A court of equity has no jurisdiction of this case and the bill should have been dismissed. In Hamilton v. Quimby et al., 46 Ill. 98, the court say: "A court of equity will not inquire into or determine whether a tax sale is valid, merely to determine whether it is a cloud on the legal title, and to enjoin the holder from asserting it. It is the province of a court of law to try its validity. If valid, it constitutes a legal and not an equitable right. If worthless, a complete defense may be made in the forum in which we must leave the parties to litigate that title. Springer v. Rosette et al., 47 Ill. 224.

Mr. C. H. PATTON, for appellee.

A tax purchaser can not have a tax title by peacemeal. The proceedings are *in rem* and must be good against the land as against the whole world and every possible interest in it, or it is good for nothing. Blackwell on Tax Titles, 524 (3d Ed.) Ch. 38, title: "Of the title which passes to the purchaser at a tax sale;" Atkins v. Hinman, 2 Gil. 449; Dunlap v. Gallatin Co., 15 Ill. 7; Cooper v. Corbin, 105 Ill. 225; Parker v. Baxter, 2 Gray, 185; Jackson v. Babcock, 16 N. Y. 246.

Appellee, as mortgagee, had the right to pay the taxes to protect the lien of his mortgage from being cut off by the tax sale, which, if legal, overrides all other liens. Cooley on Taxation (2d Ed.), 504.

It must, therefore, follow that appellee has a right to complain of the attempt by appellant to cut off and destroy his valuable interest in the lot in question by means of the illegal tax proceedings shown in this record and that the decree below was right. Blackwell on Tax Titles, 652.

In this case the court below allowed to the purchaser much more than he had "*properly paid;*" that is, than was due with legal interest, penalties and costs; for appellant had not paid, and does not claim to have paid, any taxes on this lot since the sale in 1883. The amount due from appellee, or his mortgagor, D. C. Warren, (even including the illegal part of the "county tax,") was only $41.51, and 100 per cent. penalty added would only have made $83.02, and the interest and costs

could not have exceeded $2, and yet the court allowed, and appellee tendered to appellant, $100.25, being about $15 more than was due. This was done to make sure of doing full equity to appellant and leave him no possible ground for complaint. He had his remedy against the collector for the wrongful sale for the taxes which were not delinquent, to have his money reimbursed under sections 214 or 268 of the revenue law.

Appellee was not a party to the suit of Warren v. Cook, and hence not bound by the decree. Town of Lyons v. Cooledge, 89 Ill. 530; Mail v. Maxwell, 107 Ill. 554; Haiman v. Gill, 107 Ill. 467; Scates v. King, 110 Ill. 456; Miller v. McManis, 57 Ill. 126.

The objections to the evidence amounts to nothing because in chancery cases the chancellor is presumed to decide upon the legitimate evidence and to reject the irrelevant testimony. Stone v. Wood, 85 Ill. 609.

GREEN, P. J. The pleadings and decree are quite fully set forth in the foregoing statement, and the question to be decided is whether, under the pleadings and evidence in the record, the findings and decree ought to be affirmed by this court. If counsel for appellee correctly assumes the bill filed by him in this cause, is not a bill to remove a cloud upon the title of appellee or to restrain Cook from obtaining a title which might become a cloud thereon, and the relief prayed for is based wholly upon the ground of irreparable injury, or, as stated in the bill, that the issuing of a tax deed for said premises to Cook "*will take away and destroy the interest complainant has in said premises, and destroy the security complainant has for the payment of his said note*," is the decree right, and ought we to affirm it? To justify the application of injunction as a preventive remedy, the injury in question must be likely to occur unless an injunction is decreed, and without it, real injury to the complainant, invoking such aid, is to be apprehended; nor should relief by injunction be extended beyond what is necessary for the protection of complainant's rights. Hilliard on Injunction, 84, Sec. 7; 3 Wait's Ac. and Def. 685.

These rules under the facts proven preclude appellee from obtaining the injunction prayed for and decreed. He alleges in his bill and was bound to prove that the issuing of a tax deed conveying said premises to Cook as purchaser at tax sale, will *take away and destroy* Miller's interest therein and *destroy* the security he has for the payment of the debt Warren owes him. This is the irreparable injury in question, to prevent which an injunction was prayed for, and the evidence does not establish the truth of those material allegations. If Miller is not concluded by the judgment of the Supreme Court in the case of " Warren v. Cook et al.," and a tax deed to a purchaser at said sale would be void for the causes alleged in the bill, we do not perceive from the evidence that Miller would suffer the irreparable injury alleged in the bill and re-lied on by counsel by the issuing said tax deed to Cook, his interest in said premises as mortgagee could not be thus destroyed, and he would still retain the security of the lien upon said premises, given him by the mortgage for the pay-ment of said debt, nor would appellee be entitled to an affirm-ance of the decree, if it even appeared by the record he would be deprived of all interest in the lot in question if Cook was permitted to take his tax deed therefor. His security for the payment of the mortgage debt would not be thus *destroyed.* It appears in evidence, although not dis-closed in the bill, that four other lots are included in said mortgage and furnish an additional security relied on by Mil-ler for the payment of the debt. The cash value of these lots is estimated by several witnesses at $3,000, and whether they will bring that price at a forced sale, or half as much, the fact is undisputed, they are additional security upon which appellee relies. Furthermore, appellant offered to prove at the hearing that appellee held a mortgage on one hundred acres of farm land in Jefferson County as further security for said debt, in case he should lose his security upon the lot in question. This evidence was material and competent, but the court refused to admit it and erred in so doing. Nor does it appear that Warren is insolvent or unwilling or unable to pay his debt, or that Miller will be obliged to commence pro-ceedings to collect the same or to foreclose his mortgage. In

short, no irreparable injury, as alleged, was proven at the hearing, and no cause made requiring preventive relief by injunction. The decree appealed from is also inequitable to Cook, whose rights in the premises we are not at liberty to disregard. He purchased the property at a tax sale, regular in all respects, made under a judgment assented to by Warren, the owner in fee, and as between him and Warren his title as such purchaser is fixed and forever determined by the judgment of the Supreme Court. If this decree is affirmed Cook loses his title and all rights as such purchaser even as against Warren, the fruits of a protracted litigation are taken away, and Warren can, by paying off the mortgage debt, hold the property in question in defiance of the judgment against him rendered by the court of last resort, and this mischief and injustice to appellant accrues, as has been seen, by the rendition of a decree not necessary for the protection of Miller against the injury alleged. Such a result would be manifestly unjust to appellant. And the decree rendering it possible ought not to be affirmed. Hilliard on Injunctions, 22, Sec. 39.

We have not discussed or alluded to several questions which the learned counsel on behalf of the respective parties have presented for our consideration, touching the *laches* of appellee, notice to appellant of the illegality of the judgment against the premises rendered in the County Court, the doctrine of *res judicata,* and rule as to marshaling assets, being satisfied that the latter question is not properly before us in this case, and if the theory of appellee on the others is correct, yet, for the reasons given, appellee has not shown himself entitled to the relief prayed, and the decree rendered would work injustice and be against equity. Whether Miller may be entitled to any relief under a bill properly framed to protect his own interest as mortgagee we do not now decide, but confine the views expressed to the object of the bill, as shown by its allegations, which was to prevent Cook from taking out a tax deed even as against Warren, when it clearly appears, as against him, he is entitled to such deed.

The decree of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*