Williams v. Chicago Exhibition Co.

2.   BILLS OF EXCEPTIONS—*Must be Signed and Sealed.*—Where a bill of exceptions is not signed and sealed by the judge by whom the same is made, it can not be considered by the Appellate Court.

Error to the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1899.   Affirmed.   Opinion filed December 19, 1899.

GEORGE W. BROWN, attorney for plaintiff in error.

PAM, DONNELLY & GLENNON, attorneys for defendants in error.

---

## Lucas R. Williams v. Chicago Exhibition Co. et al.

1.   WASTE—*Action for, at Common Law.*—At common law, an action for waste may be maintained by a reversioner or remainderman in fee, for life, or for years, provided the injury affects the reversion.

2.   SAME—*Defined.*—Waste is an injury to property to the prejudice of the heir or of him in reversion or remainder, or, as expressed in Blackstone's Commentaries, "to the disherison of him that hath the remainder or reversion in fee simple or fee tail."

3. SAME—*What is Necessary to Sustain Claim.*—To sustain a claim for waste it is essential that the act complained of shall be to the injury of the party complaining.

4. SAME—*Can Not be Maintained by Mortgagee—Remedy in Case.*—An action of waste can not be maintained by a mortgagee because he has only a contingent interest. His common law remedy, if any, is an action on the case.

5. INJUNCTION—*When a Court of Chancery Will Not Interfere at Instance of Mortgagee.*—If the security or contingent interest of a mortgagee will not be injured, or his security injuriously impaired by an act of spoliation which might constitute waste as against the rights of the owner of the fee, a court of chancery will not, at his instance, interfere by injunction.

6. WORDS AND PHRASES—"*Impair the Security of the Mortgage.*"— The term "impair the security of the mortgage," does not necessarily mean the same as impairing the value of the property mortgaged.

**Bill for Injunction.**—Error to the Circuit Court of Cook County; The Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed December 19, 1899.

A. MORRIS JOHNSON and KEENE H. ADDINGTON, attorneys for plaintiff in error, contended that to constitute waste, the acts complained of must either diminish the value of the estate or increase the burdens upon it, or impair the evidence of title to him who has the inheritance. It has been held that the destruction of buildings is waste, provided the destruction of such buildings results in lasting injury to the inheritance as it will come to the reversioner. 28 Am. & Enc. of Law, 885; Davenport v. Magoon, 13 Ore. 3.

The tenant has no right to pull down valuable buildings or to make improvements or alterations which will materially and permanently change the nature of the building. Winship v. Pitts, 3 Paige (N. Y.), 259.

The appropriate remedy for a mortgagee against a mortgagor in possession, who is impairing the security by committing waste, is by a bill in chancery for an injunction, and it is not necessary to allege or prove the mortgagor's insolvency, nor is it generally necessary to prove that the injury threatened is literally irreparable. It is sufficient if there be no adequate remedy by an action for damages. 28 Am. & En. Enc. of Law, 933.

Fixtures are embraced in a mortgage and a bill may be properly filed by the mortgagee for an injunction to prevent the commission of waste by their removal. Robinson v. Preswick, 3 Edw. Ch. (N. Y.) 246.

The removal of a building or improvement permanently attached to the freehold is *per se* an injury to the freehold, and therefore waste. 28 Am. & En. Enc. of Law, 885; Dorr v. Dudderar, 88 Ill. 107; Winship v. Pitts, 3 Paige (N. Y.) 259.

Pam, Donnelly & Glennon, attorneys for defendants in error.

Before a mortgagee is entitled to an injunction to prevent the mortgagor in possession from committing waste, it must affirmatively appear that unless the waste is restrained, the security of the mortgagee will be rendered inadequate and insufficient to pay the mortgage debt. Moriarity v. Ashworth, 43 Minn. 1; Buckout v. Swift, 27 Cal. 433; King v. Smith, 2 Hare, 244; Perrine v. Marsden, 34 Cal. 14; Moses v. Johnson, 88 Ala. 517; Cook v. Miller, 26 Ill. App. 421; Fairbank v. Cudworth, 33 Wis. 358; Miller v. Waddingham (Cal.), 27 Pac. Rep. 750; Vanderslice v. Knapp, 20 Kan. 647; Van Wyck v. Alliger, 6 Barb. 511; Hippesley v. Spencer, 5 Madd. 422; Scott v. Wharton, 2 Hen. & M. (Va.) 25.

A court of equity will not restrain a threatened trespass, except upon a showing that the alleged trespasser is insolvent, or that irreparable injury will result. Commissioners of Highway v. Green, 156 Ill. 504; Harms v. Jacobs, 158 Ill. 505; Robinson v. Russell, 24 Cal. 467; C. P. S. Exch. v. McClaughry, 148 Ill. 372; Gause v. Perkins, 3 Jones' Eq. 177.

Mr. Presiding Justice Horton delivered the opinion of the court.

A bill in chancery was filed by Elizabeth Lawrence as mortgagee, to foreclose a mortgage upon the premises in question. After final decree in said foreclosure proceedings said Lawrence assigned the decree to plaintiff in error. No

question arises in this case as to the correctness of that fore-
closure or the validity of the assignment of said decree.
The bill in this case was filed to restrain defendants in error
from committing what was alleged to be waste.

After said foreclosure proceedings were at issue, the
defendant in error erected upon said premises a boiler house
and placed therein several boilers, which were attached to
the freehold.    Afterward, defendants in error, as counsel
for plaintiff in error state it, "asserted their right to
remove" said building and boilers under some contract
with Gay Dorn, the owner of the fee to said premises, subject
to the lien of said decree.    What that contract was does not
appear.    A temporary injunction was issued, without notice,
upon the filing of the bill in this case.    The Austin Manu-
facturing Company, one of the defendants in error, moved
to dissolve said temporary injunction "upon the face of the
bill."    That motion was sustained and said temporary injunc-
tion was dissolved.    The only relief sought by the bill in this
case was an injunction.    When that was dissolved the bill
was dismissed, and this appeal prosecuted.    No testimony was
offered by either party, and no answer to said bill was filed.
Leave was granted to defendant in error, the Austin Company,
to file its suggestion of damages.    The errors assigned are
the dissolving of said injunction and the granting leave to file
suggestion of damages.    The whole theory and purpose of
this bill is to prevent threatened waste.    At common law, an
action for waste may be maintained by a reversioner or re-
mainderman in fee, for life or for years, provided the injury
affects the reversion.    But such an action can not be main-
tained by a mortgagee because he has only a contingent inter-
est.    His common law remedy, if any, is an action on the case.
As there was no adequate remedy at common law for the
protection of mortgagees, courts of chancery assumed juris-
diction so as to afford such protection.    But it does not fol-
low that every act of spoliation which might constitute
waste as against the rights of the owner of the fee, subject
to a mortgage, will be restrained by a court of equity at the
instance of the mortgagee.    If the security or contingent

interest of a mortgagee will not be injured or his security injuriously impaired, a court of equity will not, at his instance, interfere by injunction, to restrain what might be waste as to the owner of the fee. The mortgage referred to was given to secure the payment of the sum of $5,000, and was upon three lots and a part of another lot. After said foreclosure bill was filed and before the decree referred to was assigned to plaintiff in error, $3,000 was paid on account of said mortgage debt, and one of said three lots was released. Said decree is for the sum of $2,312.10 and $150 solicitor's fees.

The bill in the case at bar does not state the value of said lots or either of them. Neither does it charge that the lots upon which the decree is still a lien, are not exclusive of the property, the removal of which is threatened, full and ample security for the amount due upon said decree. Nor is there any averment that either of the defendants against whom said decree was entered, or the said defendants in error, or any or either of them, is or are insolvent. There is no statement of any fact or facts in the bill in this case showing that plaintiff in error will be damnified to any extent whatever, if the property claimed by defendants in error is removed. The only thing in the bill as to that is the general allegation that the security of plaintiff in error will be impaired, and the amount that said premises will bring at a sale will be largely decreased. There is no allegation but that said premises at such a sale would bring many times the amount due upon said decree.

On behalf of plaintiff in error it is contended that if the removal of said building and boilers would be waste *per se*, then a court of chancery will restrain such removal whether the mortgagee be solvent or insolvent, and whether such removal would render the security inadequate or not.

Waste is some injury to property " to the prejudice of the heir or of him in reversion or remainder," or as expressed in Blackstone's Commentaries, " to the disherison of him that hath the remainder or reversion in fee simple or fee tail."

To sustain a claim for waste it is essential that the act complained of shall be to the injury of the party complaining. There may be such an act or injury to real estate as would constitute waste against the remainderman in fee, which would not be waste as against a mortgagee such as to warrant the interference of a court of chancery by injunction. Courts of chancery have frequently entertained jurisdiction at the instance of mortgagees, to restrain waste. The reason why such jurisdiction was assumed was to prevent irreparable injury. But where no injury to the mortgagee will result, no reason appears for assuming such jurisdiction. Where the reason for assuming equity jurisdiction fails or does not exist, such jurisdiction should not be assumed or exercised.

The case of Moriarity v. Ashworth, 43 Minn. 1, was a proceeding by a mortgagee to restrain waste by a mortgagor in possession. The Supreme Court there states so clearly what seems to us to be the correct rule that we quote it at length :

" While some authority may be found in support of the claim of the appellant, that a mortgagee is entitled to an injunction restraining any acts of waste by a mortgagor in possession, which may diminish the value of the mortgaged property, yet the great weight of authority, both in England and in this country, is to the effect that equity will not interfere in such cases unless the acts complained of are such as may render the security insufficient for the satisfaction of the debt or of doubtful sufficiency. King v. Smith, 2 Hare, 239; Humphreys v. Harrison, 1 Jac. & W. 581; Hippesley v. Spencer, 5 Madd. 422; Harper v. Aplin, 54 Law T. (N. S.) 383; Coker v. Whitlock, 54 Ala. 180; Scott v. Wharton, 2 Hen. & M. (Va.) 25; Buckout v. Swift, 27 Cal. 433; Vanderslice v. Knapp, 20 Kan. 647; Harris v. Bennon, 78 Ky. 568; Van Wyck v. Alliger, 6 Barb. 507, 511; Snell, Eq. 304; 1 Wats. Comp. Eq. 746; 2 Story, Eq. Jur. 915; High, Inj. (2nd Ed.) 693, 694; Bisp. Eq. (4th Ed.) 433; 1 Jones, Mortg. (4th Ed.) 684; 1 Lead. Cas. Eq. (4th Am. Ed.) 992, 1021; Kerr, Inj. (2nd Amer. Ed.) 84. In numerous other cases we find that the courts, in stating the grounds upon which equity will interfere, seem to regard it as a necessary condition that the sufficiency of the security be threatened. See Cooper v. Davis, 15 Conn. 556; Gray

v. Baldwin, 8 Blackf. 164; Hastings v. Perry, 20 Vt. 272; Fairbank v. Cudworth, 33 Wis. 358. From the proposition which we have stated as an established principle of equity, it is not to be understood that equity will not interfere unless the acts threatened are such as may reduce the value of the mortgaged property below the amount of the debt. On the contrary, as was considered in King v. Smith, 2 Hare, 239, we think that the mortgagee is entitled to be protected from acts of waste which would so far impair the value of the property as to render the security of doubtful sufficiency. He is entitled to have the mortgaged property preserved as sufficient security for the payment of his debt, and it is not enough that its value may be barely equal to the debt."

The same principle seems to be recognized in Miller v. Cook, 135 Ill. 190; Cook v. Miller, 26 Ill. App. 421, and 31 Ill. App. 577.

The holding by the Supreme Court of Minnesota is supported by the following cases in addition to those there cited: Perrine v. Marsden, 34 Cal. 14, 18; Van Wyck v. Alliger, 6 Barb. 507, 511; Moses v. Johnson, 88 Ala. 517, 521.

Cases may be found which hold that the whole estate is security to the mortgagee and that the mortgagor ought not to be allowed to diminish it. State v. N. C. Ry. Co., 18 Md. 193, 213. In nearly all the cases cited by counsel for appellant, as well as other cases examined, the courts hold that an injunction will be sustained to prevent the mortgagor from impairing the security of the mortgage. In but few cases is there any discussion as to the meaning of the term "impair the security of the mortgage." As we have said, this term does not necessarily mean the same as impairing the value of the property mortgaged.

There was no error in the order dissolving the temporary injunction issued in this case. The judgment of the Circuit Court is affirmed.