### HERMAN SCHALK v. GEORGE P. KINGSLEY.

1. While an attorney-at-law acts merely in the character of attorney, making use of the process of the law to enforce his client's demand, however groundless and vexatious it may be, he is not liable to suit. But when he steps beyond that, and actively aids his client in the execution of his purpose, he is not shielded from responsibility.
2. In an action by a mortgagee for injury to the mortgaged premises, the measure of damages is not the depreciation in the market value of the premises, but the diminution in the value of the security.
3. Where there are several mortgagees, each may, without reference to the other, recover such damages as he can show he has sustained.

On rule to show cause.

Argued at November Term, 1879, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL and DIXON.

For the plaintiff, *Thomas N. McCarter.*

For the defendant, *J. H. Stone.*

The opinion of the court was delivered by

VAN SYCKEL, J. This suit was brought by the plaintiff to recover damages which he sustained by injury done to premises upon which he held a mortgage.

The alleged tort was the removal of fixtures from the mortgaged premises, which were appropriated by one Rogers, a subsequent mortgagee. The defendant, Kingsley, who is an attorney-at-law, was employed by Rogers, as his attorney in this matter. While acting in that capacity, Kingsley, on behalf of Rogers, employed workmen to remove the fixtures, and paid them for their labor.

Two questions are presented by the case :

*First.* Whether suit will lie against the attorney.

*Second.* What is the true measure of damages in such cases.

An attorney is not liable with his client, in a joint action of trespass, unless it can be shown that he has gone beyond the strict line of his duty. So long as he acts strictly in the execution of the duties of his profession, and does not actu-

ally participate in the commission of the trespass, he is not liable. But when he steps beyond that line, and actively aids his client in the execution of his purpose, he is not shielded from responsibility. *Hunter* v. *Burtis*, 10 *Wend.* 358; *Green* v. *Elgie*, 5 *Q. B.* 99; *Ford* v. *Williams*, 13 *N. Y.* 577.

While he acts merely in his character of attorney, making use of the process of the law to enforce his client's demand, however groundless and vexatious it may be, he is not amenable to suit. *Oakley* v. *Davis*, 16 *East* 82; *Sowell* v. *Champion*, 6 *Ad. & El.* 407.

In the latter case it was conceded that the attorney would have made himself liable if he had done something beyond the mere delivery of the writ, as by going with the officer to assist in its execution, or giving some direction independent of that in the writ, to execute it in an unauthorized mode.

The distinction is clearly drawn in *Hardy* v. *Keeler*, 56 *Ill.* 152, where it is held that an attorney is not liable for any illegal seizure that may be made under a writ issued by him; but where, in addition to issuing the writ, he sent his clerk to assist in the levy thereof, the plea that he is an attorney will not avail as a defence.

In this case the attorney employed the workmen, instructed them to commit the wrong complained of, and paid them for it. Under such circumstances, he cannot claim that he was acting in the legitimate sphere of an attorney at law, and is not entitled to immunity.

That a suit will lie by a second mortgagee for an injury which impairs the value of his security, is *res adjudicata* in this court. *Jackson* v. *Turrell*, 10 *Vroom* 329.

While the right to recover must be considered as settled, it will be found, upon reflection, that no rule for the measure of damages will do complete justice in all cases. The difficulty inheres in the relation of the parties to the subject of the injury.

In Massachusetts the unquestioned rule is that the second mortgagee recovers the full amount of damages done to the mortgaged premises, although the security for his debt may

still be ample.    *Gooding* v. *Shea*, 103 *Mass.* 360; *Byrom* v. *Chapin*, 113 *Mass.* 308.

It is there held that the action is not based upon, and the damages are not to be measured by, proof of the insufficiency of the remaining security; that the mortgagee is not obliged to accept what remains, but is entitled to the benefit of the mortgaged premises in their unimpaired condition.

In New York the recovery is limited to the amount of injury to the mortgagee, however great the injury to the land may be.    *Van Pelt* v. *McGraw*, 4 *Comst.* 110.

One of these rules must be applied to actions of this character.

In the absence of any settled practice, that should be adopted which is deemed to be best adapted to the character of the plaintiff's estate, and which will produce the best practical results.

There is much force in the Massachusetts view, that the mortgagee is entitled to be protected in the enjoyment of the security for which he contracted, however ample it may be, and the wrong-doer himself ought not to complain if he is compelled to restore what he unlawfully removed. Especially would this be so in the case of a mortgage maturing at a remote future period, when the real value of the premises would depend upon contingencies which might not be foreseen. But while injustice may, in some cases, be done by rejecting this rule, it is not in harmony with the nature of the mortgagee's estate, and its adoption in practice would lead to many difficulties.

In Massachusetts, by force and effect of the mortgage, the legal estate at once vests in the mortgagee, and, as between the parties to the mortgage, the right of possession also passes immediately to the mortgagee, and carries with it the incidents of a right to sue in trespass for any injury to the freehold.    There it may be a necessary logical sequence that, in an action at law, the damages which represent the injury to the premises must go to the owner of the legal estate.

In New Jersey, as in New York, a different rule prevails

as to the relation between mortgagor and mortgagee. Here the land is considered a pledge in equity for the payment of the debt. " The mortgage is regarded not as a common law conveyance on condition, but as a security for debt, the legal estate subsisting only for that purpose." *Shields* v. *Lozear*, 5 *Vroom* 496 ; *Wade* v. *Miller*, 3 *Vroom* 296.

It would seem to be in consonance with legal principles to hold that this action in this state must be based not upon the injury to the mortgaged premises, but upon the loss occasioned to the plaintiff by the partial destruction of his security, and that the extent of such loss must measure his damages.

The objections to the Massachusetts rule are obvious, and are not met, in my judgment, by the court in Gooding *v.* Shed, before cited. Such litigation would frequently result to the benefit of the mortgagor by whose consent the wrong was committed, by operating as a satisfaction of the mortgage, when the premises were still ample to satisfy the mortgage debt.

A more serious objection would exist in the fact that the action would be maintainable for every slight injury to the freehold. The person who purchased and removed a stick of timber or a cord of wood, or the mechanic who tore down an old building, preparatory to the erection of a new one, or who made any alteration in the structures upon the premises which might be deemed, in any degree, detrimental to their value, would be amenable to suit.

But, admitting that the third mortgagee may sue and recover for the entire injury to the premises, how shall the damages be appropriated, and how would the wrong-doer be shielded from further recovery by the first and second mortgagees ?

The prior mortgagees could not be made parties to such suit, and they would not be bound by the verdict as to the amount of damages found in favor of the third mortgagee ; and, in our practice, there is no method in which the injury to each mortgagee could be ascertained, and the distribution properly made. In fact, the rule repels the idea of distribution,

for it is based upon the notion that the mortgagee plaintiff is entitled to the entire damage done to the lands.

A rule which would subject a defendant to pay to each of several mortgagees the full amount of damage which he had committed upon the premises, would unhesitatingly be condemned.

It is therefore suggested, in the Massachusetts cases, that but one recovery would be allowed, and that would afterwards be appropriated under the direction of the court. Aside from the entire absence of any recognized procedure in our courts of law by which the several parties in interest could be bound by the verdict, and by which an appropriation could be made, such a course would manifestly be mere circumlocution, leading to the practical adoption of the other rule; for, in the end, the distribution would necessarily be made upon the basis of the actual loss to each mortgagee.

All these difficulties will be obviated by adopting the injury to the security as the basis of damages.

Under that rule, no suit can be maintained unless the plaintiff sustains a substantial injury; and each mortgagee in turn may, without reference to the other, recover such damage as he can show he has sustained on his part.

The action must rest upon proof that, before the alleged injury, the mortgaged premises were of sufficient value to pay the plaintiff's mortgage, or a part of it, and that, by reason of such injury, they became inadequate for that purpose.

In that view, the extent of the loss can be approximately computed.

This, in my opinion, is the better rule, and one which, in its practical application, will not be attended with any serious difficulty.

It remains to be considered whether there was any misdirection to the jury in regard to the mode of computing damages in this case.

The judge who tried the cause below instructed the jury as follows: "Then the next question that will arise will be the principles on which the plaintiff is to be compensated for that

injury.   I have already said, it is the diminution in the value of the security, the depreciation in the market value of the premises on which the plaintiff had a mortgage.   You have heard the testimony on that subject, and whatever that diminished market value of the premises is, would be a proper sum to allow for damages."

This statement of the rule of damages is apparently incorrect, but, under the existing facts of the case, the diminution in the value of the plaintiff's mortgage security, and the depreciation in the market value of the mortgaged premises, were, in effect, the same thing, and therefore no injury was done to the defendant on the trial.

The plaintiff held a mortgage for $7000, subject to a prior mortgage for $6000, given to the Mutual Life Insurance Company of New York.   The alleged injury was committed between the 23d and 25th of October, 1875.   The mortgage of the Mutual Life Insurance Company was foreclosed, and the premises sold thereunder, November 23d, 1875, and purchased by the plaintiff, for the amount of the first encumbrance.   This was evidence that, after the injury, the mortgaged premises were worth just the amount of the first mortgage, and, therefore, the loss to the plaintiff's mortgage by the injury was the value to the premises of the fixtures removed.   There was no evidence to show that the value of the fixtures equaled the amount of the plaintiff's mortgage, and the verdict was only for the sum of $1795.   The learned justice who tried the cause, in stating the rule of damages, manifestly had in view the fact that, under the circumstances of the case, the plaintiff was entitled to recover to the full extent of the injury to the mortgaged premises, and no injury was done to the defendant by stating the rule in that way.

The rule to show cause should be discharged.