# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

MORTIMER MORIARTY *vs.* ROBERT ASHWORTH.

### February 17, 1890.

**Waste by Mortgagor—Injunction.**—Waste upon real estate, by a mortgagor in possession, will not be enjoined unless the acts complained of may so impair the value of the property as to render it insufficient, or of doubtful sufficiency, as security for the debt. But the value of the property should remain largely in excess of the debt secured by it.

Appeal by plaintiff from a judgment of the district court for Stearns county, where the action was tried by *Baxter, J.*

*Oscar Taylor*, for appellant.

*Reynolds & Stewart*, for respondent.

DICKINSON, J. This is an action to restrain the defendant from quarrying and disposing of granite rock from land mortgaged by the defendant to the plaintiff, in April, 1887, to secure a debt of $1,000, to become due two years after that time. The land is of the area of four acres. Its principal value is in the granite quarry thereon. The removal of this material depreciates the value of the land to the extent of such removal; but the quarrying by the defendant has not been carried on to such an extent as to so far impair the value of the land as to render it insufficient security for the plaintiff's debt, nor has he threatened to do so. The court, finding the facts to be substantially as above stated, considered that the plaintiff was not

entitled to an injunction.    On this appeal we are only to consider whether, upon the facts found, the legal conclusion of the court was right.

While some authority may be found in support of the claim of the appellant that a mortgagee is entitled to an injunction restraining any acts of waste by a mortgagor in possession which may diminish the value of the mortgaged property, yet the great weight of authority, both in England and in this country, is to the effect that equity will not interfere in such cases unless the acts complained of are such as may render the security insufficient for the satisfaction of the debt, or of doubtful sufficiency.    *King* v. *Smith*, 2 Hare, 239; *Humphreys* v. *Harrison*, 1 Jac. & W. 581; *Hippesley* v. *Spencer*, 5 Madd. 422; *Harper* v. *Aplin*, 54 Law T. (N. S.) 383; *Coker* v. *Whitlock*, 54 Ala. 180; *Scott* v. *Wharton*, 2 Hen. & M. (Va.) 25; *Buckout* v. *Swift*, 27 Cal. 433; *Vanderslice* v. *Knapp*, 20 Kan. 647; *Harris* v. *Bannon*, 78 Ky. 568; *Van Wyck* v. *Alliger*, 6 Barb. 507, 511; Snell, Eq. 304; 1 Wats. Comp. Eq. 746; 2 Story, Eq. Jur. § 915; High, Inj. (2d Ed.) §§ 693, 694; Bisp. Eq. (4th Ed.) § 433; 1 Jones, Mortg. (4th Ed.) § 684; 1 Lead. Cas. Eq. (4th Am. Ed.) 992, 1021; Kerr, Inj. (2d Amer. Ed.) 84.    In numerous other cases we find that the courts, in stating the grounds upon which equity will interfere, seem to regard it as a necessary condition that the sufficiency of the security be threatened.    See *Cooper* v. *Davis*, 15 Conn. 556; *Gray* v. *Baldwin*, 8 Blackf. 164; *Hastings* v. *Perry*, 20 Vt. 272; *Fairbank* v. *Cudworth*, 33 Wis. 358.    From the proposition which we have stated as an established principle of equity, it is not to be understood that equity will not interfere unless the acts threatened are such as may reduce the value of the mortgaged property *below* the amount of the debt.    On the contrary, as was considered in *King* v. *Smith*, 2 Hare, 239, we think that the mortgagee is entitled to be protected from acts of waste which would so far impair the value of the property as to render the security of *doubtful* sufficiency.    He is entitled to have the mortgaged property preserved as sufficient *security* for the *payment of his debt,* and it is not enough that its value may be barely equal to the debt.    That would not ordinarily be deemed sufficient as security to one whose purpose is to secure payment, and not to

become a purchaser of the property at its market value. And not only must it be considered that the mortgage is held to secure payment of the debt, and not for the purpose of converting the mortgagee into a purchaser, but that if the debt is not yet mature it is to be considered whether, during the time which may elapse before maturity, the present value of the property may not become depreciated from causes not now known. It does not appear that the court in this case failed to regard these considerations.

Judgment affirmed.