## SHELL PIPELINE CORPORATION v. GUTHRIE et ux. (No. 615.)

Court of Civil Appeals of Texas. Eastland.
Nov. 1, 1929.

J. A. Wheat, of Seymour, Koerner, Fahey, & Young, of St. Louis, Mo., and Thompson, Mitchell, Thompson & Young, of Houston, for appellant.

Dickson & Dickson, of Seymour, and Carrigan, Britain & King, of Wichita Falls, for appellees.

HICKMAN, C. J. ▌ The appeal is from a judgment in favor of appellees against appellant for damages on account of the erection and maintenance by appellant of a nuisance near the farm of appellees. The first question of law presented relates to the action of the trial court in overruling a plea in abatement. By this plea appellant sought to have the Federal Land Bank of Houston made a party plaintiff or defendant in the action in order that it might be protected against two suits, which might result in double recovery. The facts with reference to this plea are that the Federal Land Bank of Houston is the beneficiary in a deed of trust against appellees' farm. The indebtedness for which the deed of trust was executed was in part for purchase money and the superior title of the vendor was assigned and transferred to the bank. The bank is therefore in the position of a vendor who retains a lien in his deed to secure the payment of a part of the consideration for the execution of the deed. Evidence was offered in support of this plea in abatement; the evidence showing only the facts with reference to the existence of the lien and that none of the payments to the Federal Land Bank were past due, all payments maturing at and prior to the date of the trial having been paid. No evidence was offered to show that any impairment of the security of the bank would result from a recovery by appellees in this case.

The law on this question seems to be well settled. In the case of Carey v. Starr, 93 Tex. 508, 36 S. W. 324, 326, it is held that, with respect to the right of a vendor holding a superior title to maintain an action for waste against a third party, his rights are the same as those of a mortgagee, and his recovery is governed by the same rule. The rule is there stated by Justice Brown in this language: "The injury to their security is the measure of recovery."

One of the authorities cited with approval in support of this rule is the case of Schalk v. Kingsley, 42 N. J. Law, 32. In the opinion in that case will be found a discussion of the question of the measure of damages in a suit by a mortgagee out of possession for injury to the freehold, and the conclusion is reached that the true measure of damages is the injury to the security and not the injury to the land. The following language from that opinion clearly reflects the holding: "The action must rest upon proof that, before the alleged injury, the mortgaged premises were of sufficient value to pay the plaintiff's mortgage, or a part of it, and that, by reason of such injury, they became inadequate for that purpose."

That this is the general rule is disclosed by many authorities, of which the following may be cited: Smith v. Frio County (Tex. Civ. App.) 50 S. W. 958; Tiffany on Real Property, vol. 3, p. 2464, § 618; 14 C. J. p. 651, § 641; Jones on Mortgages, vol. 2, pp. 111, 112.

Not only does the evidence offered in support of the plea fail to indicate any impairment of the security of the Federal Land Bank, but the evidence upon the trial on the merits, if we are permitted to consider same, fully establishes that there is no reasonable probability indicated of any impairment of the bank's security. Less than $600 of appellees' judgment was for permanent injuries to the land. The lowest estimate placed upon the land by any of appellant's witnesses makes the remaining value thereof after injury far in excess of the indebtedness due the bank, and the value found by the jury makes the excess much greater. We are therefore of the opinion that the trial court was authorized to overrule the plea in abatement and proceed with the trial of the cause, and that no harm could have resulted to appellant by such ruling.

There is no merit in the propositions relating to the action of the trial court in permitting the filing of the trial amendment, and in overruling the motion for continuance. Nothing in the record even suggests to us that the court abused its discretion in so doing, which is the applicable test, and all propositions presenting these questions are overruled.

The propositions with reference to the failure of the court to give certain requested charges are likewise overruled. There is no statement in the brief showing any reason why the charges should have been given. They appear to be charges on issues not before the jury for its determination.

The propositions challenging the sufficiency of the evidence are without merit. There was sufficient evidence in the record to support the conclusion of the jury that appellant maintained a nuisance. To hold that the evidence did not support this finding would be to pass on the question of credibility, for the statement of facts discloses positive and direct testimony of facts supporting the theory of a nuisance. We do not think it would serve any purpose to print in this opinion the testimony on this subject.

The judgment of the trial court will be affirmed.