NEW YORK LIFE INSURANCE COMPANY, Appellant, v. CLAY COUNTY et al., Appellees.

No. 43254.

MAY 12, 1936.

F. E. Van Alstine, F. C. Lovrien, and Edward D. Kelly, for appellant.

Gilbert S. James, for appellees.

MITCHELL, J.—The New York Life Insurance Company in 1922 purchased a mortgage on real estate located in Clay county, owned by one Roberts; the mortgage and assignment being duly recorded at the time of the purchase and standing of record as a first lien on the premises. There being default in the payment of the mortgage, it was foreclosed in 1932, and the property was sold at execution sale for $840.27 less than the amount of the company's claim, leaving the deficiency unsatisfied. After receiving title through sheriff's deed, the insurance company discovered that there was an open gravel pit on the farm that had not been there when the mortgage was bought. Investigation disclosed that in 1923 Clay county, with the consent of the owner of the real estate upon which the insurance company had the mortgage, had opened the pit and removed a quantity of gravel from it, all without notice to, or consent of, the insurance company. A claim was filed for damages, which was promptly denied. An action was then commenced by the New York Life Insurance Company against Clay county, in which petition it alleged that during the ownership of said mortgage the county entered upon the real estate and caused to be excavated a gravel pit, and removed therefrom certain earth and gravel, thereby destroying a portion of said real estate; that the insurance company did not learn of said trespass and damage to said property until the fall of the year 1932, and immediately upon discovering same a claim was filed. The in-

surance company alleged that it had been damaged in the amount of $750, and for this amount asked judgment.

To the petition the county filed a demurrer, in which it set out that the petition shows that the cause of action accrued more than five years prior to the commencement of the suit, and was therefore barred by the statute of limitations. The lower court sustained the demurrer. Plaintiff elected to stand upon its petition and refused to plead further, and has appealed to this court.

The question that confronts us here is a very interesting one, and, to say the least, difficult.

It was conceded that under section 11007 of the Code, subsection 5, the time for bringing action grounded upon injury to property is limited to five years from the date of the accrual of the action. The sole issue of this appeal is as to when the appellant's cause of action accrued. It is its contention that the cause of action accrued in the fall of 1932, under the exception to section 11007, provided by section 11010 of the Code, which is as follows:

"11010. Fraud—mistake—trespass. In actions for relief on the ground of fraud or mistake, and those for trespass to property, the cause of action shall not be deemed to have accrued until the fraud, mistake, or trespass complained of shall have been discovered by the party aggrieved."

The question of whether appellant's action for impairment of security comes within the provisions of section 11010 of the Code requires a judicial definition of "trespass to property" as used in that section.

In its brief and argument appellant says:

"In order to determine the nature of the appellant's cause of action, reference is made to common law. At common law it is clear that appellant's action would have to be brought under a plea of trespass on the case." And so, if its contention is to be maintained, the words of the statute, "trespass to property," must be interpreted to include, not only trespass in its broadest signification, but also "trespass on the case," which in its widest sense includes assumpsit and other common-law forms of action.

Bouvier's Law Dictionary gives us the following definition of "trespass on the case":

"The form of action by which a person seeks to recover damages caused by an injury unaccompanied with force or which results indirectly from the act of the defendant. It is more generally called, simply, case."

"Trespass to property" was distinguished from "trespass on the case" by the fact that trespass lay for a direct injury, "trespass on the case" for an indirect. "Trespass" was *vi et armis*. "Trespass on the case" was not. This distinction between direct and indirect injury was most unsatisfactory. Its technical character was one of the strong arguments against retaining the old common-law forms of action, and it hardly seems possible that the draftsman of the amendment to what is now section 11010, by adding "trespass to property," could have intended to revive this old distinction.

In the case of Mathews v. Silsby Bros., 198 Iowa 1392, at page 1394, 201 N. W. 94, 95, 37 A. L. R. 1116, Justice Stevens, speaking for the court, said:

"Appellant, in his brief and argument, interprets the latter as an action for damages to his security for the unpaid purchase price; whereas appellee contends that the theory of both pleadings is the same, and that the action is for trespass upon real property and for the conversion of personalty upon which appellant had no lien, and that neither action can be maintained by a mere lienholder; * * *

"We are of the opinion that it is susceptible of the interpretation placed thereon by counsel for appellant: that is to say that the theory of the pleader, notwithstanding some of the language used, tends to indicate that the attempt was to state a cause of action for damages to appellant's security, and not for trespass or conversion, * * *."

And on page 1395 of the same case the following rule is laid down:

"Two rules long established exist in this country. In those jurisdictions in which the mortgagee is deemed to be the holder of the legal title, whether in possession of the real property or not, he may maintain an action against a third party for damages to the mortgaged premises. In other jurisdictions, in which the mortgagee is considered as having a mere lien upon the property, as in this state, the mortgagor retaining possession, he

cannot maintain an action for trespass, *quare clausum fregit*, but may sue for injury to his security.''

Thus we find under the rule laid down in the Silsby case that the mortgagee cannot maintain trespass, but he does have a remedy for the trespassing act, and that remedy is an action for the impairment of his security.

In the case of Kulp v. Trustees of Iowa College, 217 Iowa 310, 251 N. W. 703, this court laid down the rule that the mortgagee's only remedy is for the impairment of security.

In the case of Suter v. Wenatchee Water Power Company, 35 Wash. 1, 76 P. 298, 300, 102 Am. St. Rep. 881, 884, a demurrer was filed to a complaint for damage where it was urged the action was for trespass, and the court said:

'' 'While in this state all distinctions between common-law actions are abolished as relating to the procedure, yet it is plain that we are bound to consult the common law, and the classifications of common-law actions, for the proper determination as to what the lawmaking power of this state had in mind when using the phrase ''trespass upon real property.'' It appears that the courts of England often experienced difficulty in determining whether trespass or case was the true remedy to be pursued. This same difficulty often arises in this state when the statute of limitations is invoked. * * * One of the best tests by which to distinguish trespass is found in the answer to the question, when was the damage done? If the damage does not come directly from the act, but is simply an after-result from the act, it is essentially consequential, and no trespass.' * * * We must therefore conclude that, when our lawmakers provided a three-year limitation for actions for 'trespass upon real property,' they meant to include only such recovery as could have been had through the action of trespass at common law.''

In the case of Roundtree v. Brantley, 34 Ala. 544, 73 Am. Dec. 470, 473, the court said:

''It is argued that trespass is a comprehensive term, which includes trespass on the case, and that this cause of action is a trespass on the case to real or personal property, which is embraced in the section under the term 'trespass.' It is true that trespass, in one sense, means an injury or wrong; and, in that

sense, it would include every cause of action, at least in tort. But trespass has in the law a well ascertained and fixed meaning. It refers to injuries which are immediate, and not consequential. * * * It would be a perversion of language to denominate an act which produced a consequential injury to real or personal property, a trespass. It would be a perversion alike of the legal and common acceptation of the words.''

In Buehrer v. Provident Mutual Life Insurance Company, 123 Ohio St. 264, 175 N. E. 25, at page 27, the court said:

''While under the common law the definition of 'trespass' may have been sufficiently broad to include all kinds of trespass, including trespass upon real property, or trespass on the case, for injuring a person's reputation, wherein damages might be recovered in one or the other form of action, under our Code the phrase 'trespass upon real property' has acquired a more limited and technical meaning. Trespass upon real estate connotes some physical invasion or an unlawful entry upon real property, whereby the damages ensuing were direct and not consequential. * * * The words *trespass* and *case* both, in their ordinary and legal sense, have a different meaning; the word *trespass* applying to injuries resulting from direct force, and *case* to such as are consequential.''

This court in the case of Bever v. Swecker, 138 Iowa 721, at page 723, 116 N. W. 704, 705, said:

''The action of trespass involved the idea of the violation of a possessory right, as well as forceful damage. Unless the right of possession was somehow violated or invaded, the action of trespass would not lie. * * * The action of case would lie at common law for what was known as secondary trespass; that is to say, in cases where the act itself directly produced the wrong, the action was trespass, but where the act itself did not directly produce the injury, but the damage resulted as a consequence and not directly from the trespass, the action was trespass on the case.''

And the distinguished and able trial court, who heard the arguments in this case, in his ruling on the demurrer, said:

''I do not agree with plaintiff that trespass is used in Sec-

tion 11010 in its broadest sense in which it is practically synonymous with the word tort. Neither do I agree with plaintiff's contention that trespass as there used includes both common law trespass and common law trespass on the case. Trespass on the case, or Case, was a form of action which included a large variety of torts, Negligence, Malicious Prosecution, Defamation and many others. It was a sort of catch-all in the common law classification for new torts, and to say that Section 11010 saved all torts to property which formerly would have been classified as trespass on the case is to give the exception in the statute a much broader application than any of us have ever understood.''

The word ''trespass'' has an approved, appropriate, and well-understood meaning in the law. Appellant's cause of action is based upon damages for impairment of security. An action for damages for impairment of security is not based upon trespass.

Thus in the case at bar the cause of action was an action for injury to property and came under the provisions of section 11007, and was barred by the provisions of such statute after five years from the time of the act causing appellant's injury.

The lower court was right in sustaining the demurrer, and judgment and decree of the lower court must be, and it is hereby, affirmed.

The Chief Justice and all the Justices concur.