D. W. Bates, Superintendent of Banking, Receiver, Appellant,
v. Humboldt County, Appellee; Rasmus Hemerson,
Defendant on cross-petition.

No. 43989.

February 15, 1938.

Sullivan, McMahon & Linnan and Fred M. Hudson, for appellant.

S. M. Nielsen, C. W. Garfield, Melvin L. Baker, Frank S. Lovrien and Philip C. Lovrien, for appellee.

Frank S. Lovrien and Philip C. Lovrien, for defendant on cross-petition.

Richards, J.—Rasmus Hemerson, defendant to cross-petition, owned two separate tracts of land in Humboldt County. Upon this land plaintiff held an unforeclosed mortgage. From one of the tracts Humboldt County excavated gravel, compensating Hemerson therefor. Plaintiff, as mortgagee, brought this action against the county, alleging that he had been damaged because the excavation of the gravel by the county had injured the security of his mortgage. There was a trial, resulting in a verdict and judgment for plaintiff, from which he has appealed.

The only question presented is whether the trial court ruled correctly as to the measure of plaintiff's damages. The jury was instructed, in substance, that plaintiff could recover, as damages

to his security, such amount as would be the difference in value of the tract in question immediately before and immediately after the gravel was taken, as the result of the gravel being excavated, and that in determining this question of difference in value of the tract the jury should take into consideration the amount of gravel removed, its value, and the real character of the land, its surroundings, its adaptability to any special use or purpose, and other generalizations that need not be set out.

The objection urged by plaintiff is that the trial court should have instructed the jury that the measure of damages was the market value of the gravel that was excavated by defendant at the time of its excavation and removal from the land. But in view of the fact that plaintiff was not suing as one having the rights of an owner of the land, but rather as a mere lienholder seeking to recover on account of alleged impairment to the security he had, we are unable to approve plaintiff's contention. In Mathews v. Silsby Bros., 198 Iowa 1392, 1395, 201 N. W. 94, 96, a lienholder brought action to recover the value of a furnace and bathroom fixtures removed by defendants from the real estate upon which was plaintiff's lien, and for damages caused to the building by such removal. The trial court sustained a demurrer, the grounds of which were that plaintiff had no right of recovery for the trespass or for conversion of the fixtures because plaintiff did not own the property; his only interest being that of a lienholder. Plaintiff in that case then filed a substituted petition, which the defendant moved to strike on the ground that it merely repeated the allegations of the former pleading. This motion was sustained, and from that ruling plaintiff appealed to this court and the case was reversed. The reason for the reversal was that the motion should have been overruled because the substituted petition indicated an attempt to state a cause of action for damages to plaintiff's security and not for trespass or conversion as in the original petition. The following is from the opinion:

"Two rules long established exist in this country. In those jurisdictions in which the mortgagee is deemed to be the holder of the legal title, whether in possession of the real property or not, he may maintain an action against a third party for damages to the mortgaged premises. In other jurisdictions, in which the mortgagee is considered as having a mere lien upon

the property, as in this state, the mortgagor retaining possession, he cannot maintain an action for trespass, *quare clausum fregit*, but may sue for injury to his security."

Quite in same manner as in the cited case the substance of plaintiff's contention in the instant case is that he is entitled to recover as for conversion of the gravel, but for the same reasons that are set out in the Silsby case he was not a party entitled to that remedy. The principle followed in the Silsby case has been followed in Kulp v. Trustees Iowa College, 217 Iowa 310, 251 N. W. 703, and N. Y. Life Ins. Co. v. Clay County, 221 Iowa 966, 267 N. W. 79. Being entitled to recover, not for the trespass or conversion, but only for the resulting impairment there may have been to his security, plaintiff's damages were measured by the amount or extent to which the value of the security was impaired. The manner of determining this damage as laid down by the trial court would restore to plaintiff the value of all he had before the gravel was excavated. The rule contended for by plaintiff could not be relied upon to attain the right result, that is, placing plaintiff back in statu quo. For had it been soil, without independent value, that was removed, though resulting in depreciated value of the land, application of plaintiff's theory would not have resulted in compensation for the injury. And had the thing removed, when removed, happened to have a separate value in excess of the resulting depreciation of the value of the security, the allowance of the value of the thing removed as the measure of plaintiff's damages would result in plaintiff acquiring a greater amount of security than was bargained for by him in the contract contained in the mortgage. We are unable to discover any error on part of the trial court in refusing to adopt plaintiff's theory. The issues upon the cross-petition of defendant county against Rasmus Hemerson remain triable in the district court as stipulated by the parties. The judgment appealed from is affirmed.—Affirmed.

STIGER, C. J., and HAMILTON, SAGER, DONEGAN, KINTZINGER, and ANDERSON, JJ., concur.