**J. D. WHEELER et al., Appellants,**

v.

**Katherine PETERSON, Appellee.**

**No. 16051.**

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 11, 1959.

Rehearing Denied Jan. 15, 1960.

Powell, Rauhut, McGinnis & Reavley, Cecil C. Rotsch and F. William Colburn, Austin, for appellant J. D. Wheeler.

Powell, Rauhut, McGinnis & Reavley, Robert C. McGinnis, and B. D. St. Clair, Austin, for appellant American General Insurance Company.

Ernest May, Fort Worth, for appellee.

BOYD, Justice.

Katherine Peterson sued J. D. Wheeler and American General Insurance Company in Tarrant County. The defendants filed pleas of privilege, Wheeler to remove the cause to Travis County, the county of his residence, and the Insurance Company to remove the cause against it to Harris County, the county of its residence. Both pleas were overruled, and the defendants appeal.

Appellee is the former owner of certain lands and improvements thereon in Tarrant County. In March, 1956, she sold the property to Delmar Apartments, Inc., re-

taining a second vendor's lien to secure the payment of $12,750.00 of the purchase price. The debt was additionally secured by a deed of trust on the property, in which the grantee covenanted to keep the improvements in good condition and repair, and not permit waste on said property or any act or thing to be done which would tend to depreciate the value thereof. On September 14, 1956, Delmar sold the property to Provident American Trust Company, a corporation, which Company did not assume appellee's debt.

Appellant Wheeler was, on and before October 6, 1956, the statutory Liquidator, appointed by the Texas Board of Insurance Commissioners, under Article 21.28, Sec. 1, sub. (d), Insurance Code, Vernon's Ann.Civ.Stat., as receiver, liquidator, rehabilitator, or conservator of insurers as defined by said Article. He continued in that capacity until his resignation about March 3, 1958. About October 6, 1956, proceedings were begun against Provident American Trust Company, as a result of which that Company was adjudged insolvent and ordered liquidated.

It is admitted that Wheeler became receiver of the Trust Company. When appellee filed suit in Tarrant County in December, 1956, to foreclose her lien, the suit was abated upon a pleading filed by Wheeler, as "Receiver"; when she filed suit in Travis County for foreclosure, Wheeler, as Receiver, had that suit abated by filing a pleading alleging that by statute the suit must be postponed until a year after receivership. Decree of foreclosure was awarded in June, 1958.

According to appellee's allegations, at the time of the commencement of the insolvency proceedings against Provident American Trust Company, and for some time thereafter, her security was of the value of her debt; as Liquidator appointed by the Texas Board of Insurance Commissioners, Wheeler took possession of the property as an asset of the insolvent Company, and by the liquidation Wheeler, as Liquidator, ac-

quired title to the property subject to appellee's lien and the covenants of the deed of trust; appellee's debt was then due and unpaid; Wheeler, as Liquidator, had the duty to perform the covenants of the deed of trust; he neglected his duty in this regard; he did not keep the improvements in good condition and repair; he allowed them to depreciate in value to a sum less than appellee's debt and the debt secured by the first lien, to appellee's damage in the sum of $9,000.00; when she sought to foreclose her lien and reclaim the property for its own conservation and her advantage, Wheeler wilfully obstructed her until his resignation as Liquidator and statutory Receiver; the debtors were at all times insolvent. There was a prayer for appellee's damages and costs, and for general relief.

Appellee's controverting affidavit adopted her petition and sought to hold venue under Article 1995, sub. 14, Vernon's Ann.Civ. Stat., alleging that the suit was for damages to land; under sub. 9a, as a suit based upon negligence of Wheeler in the management of the land; and under sub. 29a, as being a suit for damages to land occasioned by Wheeler's neglect, and American General Insurance Company, his surety, being liable jointly and severally with Wheeler, and a necessary party.

Appellee testified that while the Receiver had possession of the property the doors were left open, all the plumbing fixtures were "smashed" with rocks and iron bars, a large hole was cut in the roof, the ceiling, walls, and windows were damaged, and a fire did from $500.00 to $800.00 damage.

Article 1995, sub. 14, provides that suits for the recovery of lands or damage thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie.

Appellants say that appellee, being only a mortgagee, and not the owner of the land, cannot maintain a suit "for dam-

ages to land," as that expression is used in sub. 14. It is their position that only the owner and possessor of the freehold, or one entitled to its possession, can maintain such a suit. We have been cited to no authority, and have found none, where that proposition has been considered in a venue matter.

■ From an early day it has been held that in so far as it may be necessary for the protection of the mortgagee of land, and to give him the full benefit of his security, and appropriate remedies for any violation of his rights, his interest is real estate, and he is treated as the owner of the land. Hutchins and Woods v. King, 1 Wall. 53, 68 U.S. 53, 17 L.Ed. 544. He may "stay waste," and sue the mortgagor or a trespasser for appropriating timber or other property which is a part of the realty. Carey v. Starr, 93 Tex. 508, 56 S.W. 324; 2 Jones on Mortgages, 7th Ed., secs. 684–686; Beaver Flume & Lumber Co. v. Eccles, 43 Or. 400, 73 P. 201; Moriarty v. Ashworth, 43 Minn. 1, 44 N.W. 531, 19 Am.St.Rep. 203; 59 C.J.S. Mortgages § 335, p. 463.

In New York Life Ins. Co. v. Clay County, 221 Iowa 966, 267 N.W. 79, it was held that a suit by the mortgagee for damages for removal of gravel from the mortgaged land was "an action for injury to property," even though it was held that it was an action for damages "for impairment of security," and not for damages for "trespass to property."

In Arnold v. Broad, 15 Colo.App. 389, 62 P. 577, 578, the mortgagor sold timber on the mortgaged land to another, who cut and removed it. It was held that the mortgagee could recover "the difference between the value of the property as it now stands, denuded of its timber, and the limit of the incumbrance."

And it was said in Chouteau v. Boughton, 100 Mo. 406, 13 S.W. 877, 878, that "A mortgagee is entitled to recover damages for permanent injuries done to the mortgaged land by third persons, and until the debt is paid his right to such damages is superior to that of the mortgagor."

Appellants argue that it was held in Carey v. Starr, supra, and Carroll v. Edmondson, Tex.Com.App., 41 S.W.2d 64, that a suit by a mortgagee of land for damages to his security is not a suit for damages to land, although the land which is his security is damaged. But we do not think that these cases, or Schalk v. Kingsley, 42 N.J.L. 32, which they both cite as laying down the correct rule, make the holdings which appellants ascribe to them. It appears to us that these and similar cases merely pronounce upon the measure of damages. They hold that a mortgagee is entitled to the amount of the diminution of his security, and not necessarily the amount of damage done to the property; because, where his security is still sufficient or his debt finally paid, he is not damaged. Schalk v. Kingsley described the action before it as one "brought by the plaintiff to recover damages which he sustained by injury done to premises upon which he held a mortgage." The premises being land, we think the damage was to land. Jackson v. Turrell, 39 N.J.L. 329, cited by both Schalk v. Kingsley and Carey v. Starr, described the case before it as one filed by the mortgagee "to recover for the damage done to the realty by the removal of the fixtures." In each of the New Jersey cases the plaintiff recovered. Carey v. Starr was a suit for the value of crossties made from timber cut on the mortgaged land, which timber had been sold by the mortgagor to the defendant. It was shown that the debt had been paid, and that therefore the mortgagee could not recover in any event. Carroll v. Edmondson, supra, was a suit for the value of an elevator which had been removed from the mortgaged land and sold by the mortgagor to the defendant. The mortgagee had foreclosed, and bought in the property for a trifling sum. The defendant offered evidence as to the real value of the property so bought in, which was excluded; and the

**84**

court held that such evidence was admissible to show what, if anything, was the mortgagee's damage. The court, in Shell Pipeline Corporation v. Guthrie, Tex.Civ. App., 21 S.W.2d 710, construed those holdings as establishing the measure of damages in a suit by a mortgagee out of possession for "injury to the freehold." We do not think that either of these cases is controlling on the question here presented.

█ Since it seems to be settled that appellee could maintain venue in Tarrant County under sub. 14 had this been a suit to stay waste, we see no good reason why she cannot maintain this suit in Tarrant County when it is a suit for damages for the waste which she could have stayed.

If the venue lies in Tarrant County as to Wheeler under sub. 14, we think it lies there as to the Insurance Company by the terms of sub. 29a. It is a suit against both appellants for joint and several liability, and the Insurance Company is a necessary party. Ramey & Mathis, Inc. v. Pitts, 149 Tex. 214, 230 S.W.2d 211.

Appellants say that Wheeler was not acting as Liquidator when he served as Receiver for Provident American Trust Company, and that therefore sub. 29a is not applicable. Appellee sued him for acts and omissions as Liquidator and statutory Receiver. There is no pleading that he was not such in his relation to the Trust Company. Rule 93, sub. (c), Texas Rules of Civil Procedure. He must have thought he was so acting, because he pleaded in appellee's foreclosure suit that under the statute her suit was abated until a year after receivership. The statute he pleaded is applicable only to suits involving property in the hands of the Liquidator and statutory Receiver. Moreover, when venue is determined by the nature of a suit, the allegations are looked to, not the evidence. Cox v. Palacios, Tex.Civ.App., 188 S.W.2d 688.

The judgment is affirmed.