**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5848-17T2

MCCORMICK 106, LLC,

     Plaintiff-Respondent,

v.

SANDRA J. MAY,

     Defendant-Appellant.

_____

Submitted August 5, 2019 – Decided August 9, 2019

Before Judges Sabatino and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-1544-16.

Thomas P. Lutz, attorney for appellant.

Dembo, Brown & Burns, LLP, attorneys for respondent (Kyle F. Eingorn, of counsel and on the brief).

PER CURIAM

     This property damage case arises out of a residential mortgage foreclosure. After a final judgment of foreclosure was entered against the

homeowner, the premises were sold at a sheriff's sale. When the new owner took possession, it discovered the premises were damaged in several respects, and certain fixtures that should have remained on site had been removed.

The new owner sued the previous owner to recover the costs of restoring and repairing the premises. The trial court granted partial summary judgment in the new owner's favor on liability. At the ensuing non-jury trial at which both parties were represented by counsel, the court awarded damages to the new owner based on its credible proofs. The former owner now appeals, essentially contending the trial court unfairly rejected her claim that she had been unaware that fixtures and other items were being taken from the premises allegedly without her authorization. For the reasons that follow, we affirm.

We summarize the evidence and procedural history most pertinent to our analysis.

Defendant Sandra J. May owned the subject residence in Egg Harbor Township, New Jersey. In 2007, the home became the subject of a mortgage loan extended to defendant from Sun National Bank.

Defendant eventually defaulted on her mortgage. Sun National Bank filed a complaint to foreclose on the property in November 2013. A final judgment of foreclosure was entered against defendant in April 2014.

A-5848-17T2

In May 2015, Sun National Bank assigned to plaintiff, McCormick 106, LLC, its rights to the property.

The property was sold at a Sheriff's Sale in January 2016, at which time plaintiff purchased the property. A Sheriff's eviction was initially scheduled for March 10, 2016. Defendant filed an emergent application to stay the eviction. The Chancery judge granted defendant's application, and defendant's deadline to vacate the property was briefly extended until April 10, 2016. The deadline was not further extended.

On April 12, 2016, Sheriff's officers performed a lockout on the property. Plaintiff's real estate agent, James Rembish, accompanied the Sheriff's officers to the lockout. Upon arriving at the property, Rembish saw people carrying items from the house into a U-Haul vehicle.

Rembish discovered the home in disarray. The pool was uncovered, unsecure, and filled with debris. Mold was found in the home. Various appliances and fixtures were missing. Pieces of cabinets and countertops were scattered throughout the kitchen. There were open water lines, loose electrical wires, and holes in the walls of the home. The hot water heater had been removed, and all of the utilities were turned off. The wooden deck was rotting.

A-5848-17T2

Plaintiff sued defendant in the Law Division, alleging unjust enrichment, breach of the implied covenant of good faith and fair dealing, conversion, and quantum meruit.

Defendant denied liability. Nevertheless, during her deposition defendant admitted to removing many items from the property, specifically including kitchen and bathroom cabinets, toilet seats, light fixtures, a refrigerator, a washer and dryer, the stove, a dishwasher, the kitchen sink, countertops, and backsplash and various fixtures. Defendant further admitted that she had not requested permission to remove the fixtures. She also acknowledged there may have been mold inside the house.

According to defendant, she had asked three friends to help her move out of the house. She was not home when her friends removed the fixtures and appliances. She claimed that she was unaware they apparently had taken some things away without authorization.

In granting plaintiff partial summary judgment on liability, Judge Noah Bronkesh ruled that defendant was liable to plaintiff for conversion of the removed fixtures and appliances. The judge found those items rightfully belonged to plaintiff as the purchaser of the property. Judge Bronkesh further held that defendant was liable to plaintiff for negligent maintenance of the

premises, finding she had breached her duty to exercise reasonable care to maintain the premises as required under the terms of the mortgage. The judge deferred to trial the issues of damages, because plaintiff had not yet presented proof of its actual costs of repair and replacement.[1]

Judge John C. Porto[2] presided over the ensuing damages-only trial, which took place over two days in April 2018. Plaintiff presented extensive testimony from Rembish, who described his observations of people moving items from the house into the U-Haul on the lockout date of April 12, 2016. Rembish described the home's condition of disarray on the day of the lockout. He noticed the gas and electric utilities had been shut off, and the gas lines were damaged. Rembish also detailed numerous items he had bought to repair and restore the premises, including but not limited to, light fixtures, cabinets, appliances, countertops, and other items.

Plaintiff additionally presented testimony from a builder who worked on several rooms of the home, an electrician who restored the electrical service,

---

[1] Defendant did not pursue an interlocutory appeal of Judge Bronkesh's decision, and her notice of appeal and appellate case information statement only contest the final judgment entered after the bench trial before Judge Porto on damages.

[2] Judge Bronkesh has since retired.

and a plumber who repaired the plumbing. The plumber specifically noted that when he arrived at the home he saw that pipes were broken, and the water heater was missing.

Plaintiff also moved into evidence photographs of the damaged condition of the house, plus invoices for repair work and cancelled checks.

After unsuccessfully moving for involuntary dismissal of plaintiff's claims, defendant testified at trial and rendered her own account of the circumstances. She denied there was any mold in the house. However, she did admit to taking kitchen cabinets, sinks, and light fixtures from the premises. She explained that she had arranged for friends to help her move out of the house. One of those friends testified for defendant. The friend asserted the house was in good condition before the lockout, and that she saw no mold or structural damage to the premises.

After sifting through the evidence, Judge Porto issued a lengthy oral opinion on May 23, 2018. The judge found that plaintiff had met its burden of proof, and awarded $56,502.87 in total damages, plus litigation costs of $3,470.44. The judge specifically found that the testimony of plaintiff's witnesses was credible, whereas the testimony of defendant and her friend was only credible insofar as they stated the home was in "good condition" before the

6 <span>A-5848-17T2</span>

extended lockout period. On the whole, the judge found defendant was responsible for the costs of replacement of the removed fixtures, and other necessary repairs.[3]

Through her new counsel on appeal, defendant now argues that the trial court erred in allegedly "refusing to allow defendant's proofs at trial regarding liability." In a related point, defendant further argues that under the law of agency she is not liable for damages to plaintiff's house "caused by persons acting beyond the scope of her instructions." We are unpersuaded by these contentions.

In analyzing the issues presented, we must adhere to fundamental principles of appellate review. "Final determinations made by the trial court sitting in a non-jury case are subject to a limited and well-established scope of review[.]" Seidman v. Clifton Sav. Bank, 205 N.J. 150, 169 (2011). "[W]e do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]" In re Tr. Created By Agreement Dated December 20,

_____

[3] In a supplemental opinion filed on May 24, 2018, the judge clarified that the $3,470.44 component of the award was for litigation costs and not counsel fees. Plaintiff has not cross appealed the denial of counsel fees.

1961, 194 N.J. 276, 284 (2008) (quoting Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484 (1974)). The court's findings of fact are "binding on appeal when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-12 (1998); see also Brunson v. Affinity Fed. Credit Union, 199 N.J. 381, 397 (2009). We review de novo, however, a trial court's resolution of questions of law. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Applying these principles to the record and arguments presented in this appeal, we conclude the factual findings of both the motion judge and the judge who presided over the bench trial are amply supported by credible proof, and that the outcome in this case is consistent with the governing law.

The applicable law has long instructed that a mortgagor, such as defendant May, is liable for waste caused to the mortgaged premises. Camden Tr. Co. v. Handle, 132 N.J. Eq. 697 (E. & A. 1942). See also Tate v. Field, 57 N.J. Eq. 632 (E. & A. 1899) (holding a mortgagor liable for removing improvements from a mortgaged property); Schalk v. Kingsley, 42 N.J.L. 32 (Sup. Ct. 1880) (holding a mortgagor liable for removing fixtures from mortgaged premises).

More recently, the Restatement (Third) of Property: Mortgages § 4.4(a) (Am. Law Inst. 1997) explains that liability for "waste" can occur in a variety

of contexts.  Among other things, waste occurs when, "without the mortgagee's consent," the mortgagor:

> (1)   Physically changes the real estate, whether negligently or intentionally, in a manner that reduces its value;
>
> (2)   Fails to maintain and repair the real estate in a reasonable manner, except for repair of casualty damage or acts of third parties not the fault of the mortgagor; [or]
>
> . . . .
>
> (4)   Materially fails to comply with covenants in the mortgage respecting to physical care, maintenance, construction, demolition, or insurance against casualty of the real estate or improvements on it . . . .
>
> [Restatement (Third) of Prop.: Mortgages § 4.6(a) (emphasis added).]

Moreover, the law in our State recognizes that a bailee of personal property has a "duty to exercise reasonable care for the safekeeping of the subject of the bailment and will be liable for any loss caused by the failure to do so." LaPlace v. Briere, 404 N.J. Super. 585, 602 (App. Div. 2009) (citing Charles Bloom & Co. v. Echo Jewelers, 279 N.J. Super. 372, 380 (App. Div. 1995)).

It is undisputed that plaintiff duly purchased the property after the foreclosure.  Thus, during the stay of eviction, defendant was in lawful

possession of plaintiff's property. Accordingly, she had a duty to exercise reasonable care for the safekeeping of the fixtures on the premises. Ibid.

The trial court's grant of summary judgment to defendant on liability, which ripened into the final judgment entered after the bench trial on damages, is well supported by the record. As we have already noted, defendant admitted to removing – or having removed by her friends – many fixtures from the premises. It is fair and entirely consistent with the law to hold her liable for the items she had removed from the premises and for the remediation of mold and other damages she left behind.

Defendant claims that the trial court "early on" prevented her from presenting material evidence in her favor. A close reading of the trial transcript demonstrates to the contrary. Through her former counsel, defendant did make a number of pretrial motions, but none of them involved the agency issues she is now raising for the first time on appeal. Nieder v. Royal Indemn. Ins. Co., 62 N.J. 229, 234 (1973) (disfavoring the appellate consideration of such issues not raised below).

Moreover, as we have already mentioned, defendant on multiple times admitted under oath that she took (or arranged to have others take) various fixtures and other enumerated items from the house. Whether or not her helpers

were simply friends and not legal "agents," the bottom line – which both Judges Bronkesh and Porto recognized – is that defendant was legally responsible for the damaged condition of the house at the time plaintiff took occupancy. That responsibility would not be eliminated even if defendant's friends misunderstood her instructions, or "went rogue." She was obliged to turn over the house to plaintiff intact and in suitable condition. That was not done here, and the damages awarded are reasonable and supported by the evidence.

Any other arguments posed by plaintiff that we have not already addressed lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-5848-17T2